UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

GARFIELD ANTHONY WILLIAMS,

                        Plaintiff,

    -against-

CITY OF NEW YORK; POLICE OFFICER OSCAR HERNANDEZ, TAX ID NO. 967545; POLICE OFFICER JOSEPH OTTAVIANO, TAX ID. NO. 963677, DETECTIVE RUBEN LEON, BADGE NO. 4232

                        Defendants.

------------------------------------------------------- x

20-cv-5995 (LGS)

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND POLICE OFFICER OSCAR HERNANDEZ**

JURY TRIAL DEMANDED

Defendants City of New York and Police Officer Oscar Hernandez, by their attorney, Georgia M. Pestana, Acting Corporation Counsel of the City of New York, as and for their answer to the Amended Complaint, filed June 16, 2021,[1] respectfully allege as follows:

    1.    While plaintiff was arrested on December 15, 2019, pursuant to V.T.L. § 1192(3), defendants deny that plaintiff was falsely arrested and further deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Amended Complaint.

    2.    Deny the allegations in paragraph "2" of the Amended Complaint, except admit that the plaintiff purports to bring this action and seek relief as stated therein.

    3.    Deny the allegations in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to bring this action, invoke the jurisdiction of the Court, and seek redress

---

[1] Plaintiff previously improperly filed an amended complaint on or about April 29, 2021.

as stated therein.

    4.    Deny the allegations in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

    5.    The allegation set forth in paragraph "5" of the Amended Complaint is not a factual averment to which a response is required.

    6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Amended Complaint.

    7.    Deny the allegations in paragraph "7" of the Amended Complaint, except admit that the City is, and was on December 15, 2019, a municipal corporation incorporated under the laws of the State of New York and that it maintains a police department. Defendants further respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

    8.    In response to the allegations in paragraph "8" of the Amended Complaint, defendants admit only that on December 15, 2019, Officer Hernandez was employed by the City of New York as a police officer and that plaintiff purports to bring this action against Officer Hernandez as stated therein. Defendants further state that the allegations concerning whether Officer Hernandez was "acting under color of law and... within the scope of employment" are conclusions of law to which no response is required.

    9.    In response to paragraph "9" of the Amended Complaint, defendants admit only that on December 15, 2019, Officer Ottaviano was employed by the City of New York as a police officer and that plaintiff purports to bring this action against Officer Ottaviano as stated therein. Defendants further state that the allegations concerning whether Officer Ottaviano was "acting under color of law and... within the scope of employment" are conclusions of law to which no response is required.

10. In response to paragraph "10" of the Amended Complaint, defendants admit only that on December 15, 2019, Detective Leon was employed by the City of New York as a police officer and that plaintiff purports to bring this action against Detective Leon as stated therein. Defendants further state that the allegations concerning whether Detective Leon was "acting under color of law and... within the scope of employment" are conclusions of law to which no response is required.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Amended Complaint, except admit that, upon information and belief, Plaintiff was involved in a car accident on December 14, 2019.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Amended Complaint regarding plaintiff's purported injuries, except admit that Plaintiff was arrested pursuant to V.T.L. § 1192(3) and deny that the arrest was unlawful.

17. Admit only that Plaintiff was arrested pursuant to V.T.L. § 1192(3) and was subsequently transported from the scene to a hospital and later to an NYPD precinct.

18. Deny the allegations in paragraph "18" of the Amended Complaint, except

admit that Plaintiff was arrested pursuant to V.T.L § 1192(3).

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the Amended Complaint.

20. Deny the allegations in paragraph "20" of the Amended Complaint, except admit that a blood alcohol test was not performed because Plaintiff did not consent to such a test.

21. Deny the allegations in paragraph "21" of the Amended Complaint, except admit that no criminal complaint was filed against Plaintiff in connection with this incident.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Amended Complaint.

24. Deny the allegations in paragraph "24" of the Amended Complaint, except admit that Plaintiff purports to seek the relief stated therein.

25. Deny the allegations in paragraph "25" of the Amended Complaint.

26. Deny the allegations in paragraph "26" of the Amended Complaint.

27. In response to the allegations set forth in paragraph "27" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

28. Deny the allegations in paragraph "28" of the Amended Complaint.

29. Deny the allegations in paragraph "29" of the Amended Complaint.

30. In response to the allegations set forth in paragraph "30" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

31. Deny the allegations in paragraph "31" of the Amended Complaint.

32. Deny the allegations in paragraph "32" of the Amended Complaint.

33. Deny the allegations in paragraph "33" of the Amended Complaint.

34. In response to the allegations set forth in paragraph "34" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations in paragraph "35" of the Amended Complaint.

36. Deny the allegations in paragraph "36" of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

37. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

38. Defendants City and Officer Hernandez have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

39. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants City or Officer Hernandez.

### FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff failed to mitigate his alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

41. Plaintiff provoked or was at fault for the incident.

### SIXTH AFFIRMATIVE DEFENSE

42. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

### SEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff may have failed to fulfill the conditions precedent to suit.

### EIGHTH AFFIRMATIVE DEFENSE

44. This action may be barred in whole or in part by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

45. Plaintiff is not entitled to punitive damages from the City.

### TENTH AFFIRMATIVE DEFENSE

46. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### ELEVENTH AFFIRMATIVE DEFENSE

47. There was probable cause for Plaintiff's arrest, detention, and prosecution.

### TWELFTH AFFIRMATIVE DEFENSE

48. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### THIRTEENTH AFFIRMATIVE DEFENSE

49. Defendant Officer Hernandez has not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore is protected by qualified immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE

50. At all times relevant to the acts alleged in the complaint, defendant Officer Hernandez acted reasonably in the proper and lawful exercise of his discretion.

WHEREFORE, defendants The City of New York and Officer Hernandez demand judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         June 30, 2021

Respectfully submitted,

JAMES E. JOHNSON
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York and Hernandez*
100 Church Street
New York, New York 10007
(212) 356-2670
jjimenez@law.nyc.gov

By: *James Jimenez*
    JAMES JIMENEZ

cc:   All Counsel of Record (Via ECF)