# EXHIBIT F

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x

GARFIELD ANTHONY WILLIAMS,

              Plaintiff,

- against -        Index No.  1:20-cv-5995

CITY OF NEW YORK, POLICE OFFICER OSCAR

HERNANDEZ, TAX ID NO. 96754; POLICE OFFICER

JOSEPH OTTAVIANO, TAX ID.  NO. 963677,

DETECTIVE RUBEN LEON, BADGE NO. 4232,

              Defendants.

---------------------------------------------x

             *REMOTE DEPOSITION*

          of one of the Defendants:

        POLICE OFFICER OSCAR HERNANDEZ

       HELD:  FRIDAY, FEBRUARY 11, 2022

          11:04 a.m. - 2:16 p.m.

           CASE #:  564508

```
 1
 2    This is the ZOOM Deposition of one of the
 3    Defendants POLICE OFFICER OSCAR HERNANDEZ,
 4    taken pursuant to Order, held via ZOOM
 5    VIDEOCONFERENCING; said witness being duly
 6    sworn by and record reported via steno writer
 7    by MICHELLE TROY PARRISH,  Certified Court
 8    Reporter and Certified Notary Public within
 9    and for the State of New York
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              A P P E A R A N C E S:
 2            **ALL PARTIES APPEARED REMOTELY**
 3    LORD LAW GROUP PLLC
 4    Attorneys for Plaintiff
 5    14 Wall Street, Suite 1603
 6    New York, New York 10005
 7    718-701-1002
 8    BY:  MASAI I. LORD, ESQ.
 9    Lord@nycivilrights.nyc
10
11
12
13
14    GEORGIA M. PESTANA
15    CORPORATION COUNSEL OF THE CITY OF NEW YORK
16    Attorneys for Defendants
17    100 Church Street
18    New York, New York 10007
19    212-356-2384
20    BY:  WILLIAM T. GOSLING, ESQ.,
21    ASSISTANT CORPORATION COUNSEL
22
23
24
25
```

1                    I N D E X
2                  TO TESTIMONY
3        WITNESS:  POLICE OFFICER OSCAR HERNANDEZ
4    EXAMINATION BY                    PAGE(S)
5    MR. LORD                            16
6    MR. GOSLING                         197
7                TO EXHIBITS MARKED
8        (1 - 4 & 7 & 8 attached to transcript;
9             5 & 6 retained by counsel)
10   PLAINTIFF'S      DESCRIPTION          PAGE
11   Exhibit 1  Police Accident Report      98
                MV-104AN, Bates stamped
12              D_00001 to D_00003,
                consisting of 3 pages;
13              attached hereto
14   Exhibit 2  NYPDPETS Property Clerk     111
                Invoice, Invoice No.
15              2000930421, Invoice Date
                12/15/2019, Bates stamped
16              D_00004 to D_00006,
                consisting of 3 pages;
17              attached hereto
18   Exhibit 3  Arresting Officer's Report- 121
                Intoxicated Driver Arrest,
19              PD 271-152, IDTU Case No.
                19-B-BX-116, Bates stamped
20              D_00023 to D_00026,
                consisting of 4 pages;
21              attached hereto
22   Exhibit 4  Affidavit in Support of     144
                Declining/Deferring
23              Prosecution, Arrest Date:
                12/15/2019, Bates stamped
24              D_00050 to D_000051,
                consisting of 2 pages;
25              attached hereto

1                      I N D E X
2                  TO EXHIBITS MARKED
3                      (Cont'd)
4    PLAINTIFF'S         DESCRIPTION              PAGE
5    Exhibit 5  Body cam video labeled        159
                AXON_BODY_2_VIDEO
6                DEO_2019-12-15_0034;retained
                by counsel
7

     Exhibit 6  Body cam video labeled        173
8                2019-12-15_01-50-16;retained
                by counsel
9

     Exhibit 7  New York City Police          189
10               Department Arrest Report
                B19649648, Bates stamped
11               D_00016 to D_00019,
                consisting of 4 pages;
12               attached hereto
13   Exhibit 8  Online prisoner arraignment   195
                document for Williams,
14               Garfield, #B19649648, Bates
                stamped D_00014 to D_00015,
15               consisting of 2 pages;
                attached hereto
16
17
18
19
20
21
22
23
24
25

1           REMOTE OATH BY REPORTER ACKNOWLEDGEMENT

2     The attorneys participating in this deposition

3     acknowledge that the reporter is not

4     physically present in the deposition room and

5     that he/she will be reporting this deposition

6     remotely.  They further acknowledge that, in

7     lieu of an oath administered in person, the

8     reporter will administer the oath remotely,

9     pursuant to Executive Order Number 202.7,

10    issued by New York State Governor Andrew M.

11    Cuomo on March 19, 2020.  All parties and

12    their counsel consent to this arrangement and

13    waive any objections to this manner of

14    reporting.

15

16

17

18

19

20

21

22

23

24

25

1          221.   UNIFORM RULES FOR DEPOSITIONS

2     221.1 Objections at Depositions

3     a) Objections in general:  No objections shall

4     be made at a deposition except those which,

5     pursuant to subdivision (b), (c) or (d) of

6     Rule 3115 of the Civil Practice Law and Rules,

7     would be waived if not interposed, and except

8     in compliance with subdivision (e) of such

9     rule.  All objections made at a deposition

10    shall be noted by the officer before whom the

11    deposition is taken, and the answer shall be

12    given and the deposition shall proceed subject

13    to the objections and to the right of a person

14    to apply for appropriate relief pursuant to

15    Article 31 of the CPLR.

16    b) Speaking objections restricted:  Every

17    objection raised during a deposition shall be

18    stated succinctly and framed so as not to

19    suggest an answer to the deponent and, at the

20    request of the questioning attorney, shall

21    include a clear statement as to any defect in

22    form or other basis of error or irregularity.

23    Except to the extent permitted by CPLR Rule

24    3115 or by this rule, during the course of the

25    examination, persons in attendance shall not

1          221.  UNIFORM RULES FOR DEPOSITIONS

2    make statements or comments that interfere

3    with the questioning.

4    221.2 Refusal to answer when objection is made

5    A deponent shall answer all questions at a

6    deposition, except (i) to preserve a privilege

7    or right of confidentiality, (ii) to enforce a

8    limitation set forth in an order of the court,

9    or (iii) when the question is plainly improper

10   and would, if answered, cause significant

11   prejudice to any person.  An attorney shall

12   not direct a deponent not to answer except as

13   provided in CPLR Rule 3115 or this

14   subdivision.  Any refusal to answer or

15   direction not to answer shall be accompanied

16   by a succinct and clear statement of the basis

17   therefor.  If the deponent does not answer a

18   question, the examining party shall have the

19   right to complete the remainder of the

20   deposition.

21   221.3 Communication with the deponent

22   An attorney shall not interrupt the deposition

23   for purposes of communicating with a deponent

24   unless all parties consent or communication is

25   made for the purpose of determining whether

1           221.  UNIFORM RULES FOR DEPOSITIONS

2  the question should not be answered on the

3  grounds set forth in section 221.2 of these

4  rules and, in such event, the reason for the

5  communication shall be stated for the record

6  succinctly and clearly.

7  IT IS FURTHER STIPULATED AND AGREED that the

8  transcript may be signed before any Notary

9  Public with the same force and effect as if

10 signed before a clerk or a judge of the court.

11 IT IS FURTHER STIPULATED AND AGREED that the

12 examination before trial may be utilized for

13 all purposes as provided by the CPLR.

14 IT IS FURTHER STIPULATED AND AGREED that all

15 rights provided to all parties by the CPLR

16 cannot be deemed waived, and the appropriate

17 sections of the CPLR shall be controlling with

18 respect hereto.

19 IT IS FURTHER STIPULATED AND AGREED by and

20 between the attorneys for the respective

21 parties hereto that a copy of this examination

22 shall be furnished, without charge, to the

23 attorneys representing the witness testifying

24 herein.

25                 *  *  *  *  *  *

1          Defendant POLICE OFFICER OSCAR HERNANDEZ

2     THIS IS THE REMOTE ZOOM DEPOSITION OF POLICE

3     OFFICER OSCAR HERNANDEZ, one of the Defendants

4     herein, produced pursuant to ORDER, on FRIDAY,

5     FEBRUARY 11, 2022, before MICHELLE TROY

6     PARRISH, Certified Court Reporter and Notary

7     Public in and for the State of New York

8     herein.

9                    * * * * * *

10                    THE COURT REPORTER:  The

11                    attorneys participating in this

12                    deposition acknowledge that I

13                    am not physically present in

14                    the deposition room and that I

15                    will be reporting this

16                    deposition remotely.  They

17                    further acknowledge that, in

18                    lieu of an oath administered in

19                    person, the witness will be

20                    sworn in remotely by a New York

21                    notary and the witness verbally

22                    declared his testimony in this

23                    matter is underneath the

24                    penalty of perjury.  The

25                    parties and their counsel

1   Defendant POLICE OFFICER OSCAR HERNANDEZ

2               consent to this arrangement and

3               waive any objections to this

4               manner of reporting.  Please

5               indicate your agreement by

6               stating your name and your

7               agreement on the record.

8               MR. LORD:  Masai Lord for

9               Plaintiff.  We agree.

10              MR. GOSLING:  William

11              Gosling for defendant.  I

12              represent Police Officer

13              Hernandez.  No objections.

14              COURT REPORTER:  Please

15              raise your right hand.

16              THE WITNESS:  (The witness

17              complied.)

18              COURT REPORTER:  Do you

19              solemnly swear or affirm the

20              testimony you give will be the

21              truth under penalty of perjury?

22              THE WITNESS:  Yes.

23              COURT REPORTER:  Please

24              state your name for the record.

25              THE WITNESS:  Oscar

1    Defendant POLICE OFFICER OSCAR HERNANDEZ

2              Hernandez, H-E-R-N-A-N-D-E-Z.

3                   COURT REPORTER:  Please

4              state your address for the

5              record.

6                   THE WITNESS:  One Police

7              Plaza, New York, New York

8              10038.

9                * * * * * * *

10                  MR. LORD:  Good morning,

11             Officer Hernandez.

12                  THE WITNESS:  Good

13             morning.

14                  MR. LORD:  Are you

15             comfortable being called

16             Officer Hernandez?  Do you want

17             me to refer to you as something

18             else?

19                  THE WITNESS:  However you

20             feel comfortable.

21                  MR. LORD:  My name is

22             Masai Lord.  I represent the

23             Plaintiff, Garfield Anthony

24             Williams, in relation to an

25             incident that took place on or

```
1        Defendant POLICE OFFICER OSCAR HERNANDEZ

2    Q        Have you received any

3        training in the signs of

4        intoxication related to a DWI?

5    A        What do you mean?

6                    MR. LORD:  Withdrawn.

7    BY MR. LORD:

8    Q        Have you received any

9        training related to the Penal Law

10        charge of driving while under the

11        influence?

12                    MR. GOSLING:  Objection.

13               You can answer.

14    A        Yes.

15    BY MR. LORD:

16    Q        Did that training involve

17        the signs of intoxication?

18    A        Yes.

19    Q        When did you receive that

20        training?

21                    MR. GOSLING:  Objection.

22               You can answer.

23    A        In the police academy.

24    BY MR. LORD:

25    Q        Have you received any
```

```
 1          Defendant POLICE OFFICER OSCAR HERNANDEZ

 2     A          Yes.

 3     Q          And at some time you

 4           responded to a radio run

 5           regarding an accident, is that

 6           what happened?

 7     A          Yes.

 8     Q          When you responded to that

 9           radio run regarding an accident,

10           was it your understanding that

11           your body camera had to be on?

12     A          No, because the job wasn't a

13           crime in progress.

14     Q          So, we kind of touched on

15           this briefly.  When did you first

16           hear of something that happened

17           on December 14, 2019 regarding

18           the subject matter of this

19           lawsuit?

20                       MR. GOSLING:  Objection.

21                  You can answer.

22     A          Well, I was patrolling and I

23           received a Central Dispatch job

24           for a vehicle accident.

25
```

1      Defendant POLICE OFFICER OSCAR HERNANDEZ

2   A       There was also the driver of

3           the other vehicle.

4   Q       So, what is the first thing

5           you did when you arrived on the

6           scene?

7   A       When I arrive on scene, I

8           speak to one of the ESU officers

9           about what happened, what was

10          going on.

11  Q       And do you know the name of

12          this ESU officer?

13  A       No.

14  Q       What was the content of the

15          conversation with the ESU

16          officer?

17  A       About what was going on on

18          the scene about this job.

19  Q       What did he say to you?

20  A       He mentioned that there was

21          a vehicle accident and that the

22          driver that was sitting in the

23          back of one of the vehicles

24          seemed to be impaired.

25  Q       He said he seem to be

1          Defendant POLICE OFFICER OSCAR HERNANDEZ

2          impaired?

3     A          To be intox'd.

4     Q          What did you do after

5          hearing that information?

6     A          I walked toward the car

7          where the other driver was.

8     Q          When you say -- Step back

9          for a second.  He told you that

10          he appeared to be intoxicated.

11          Did he say why?

12     A          No.

13     Q          Did he say that he smelled

14          any alcohol?

15     A          Not at the time.

16     Q          So, you said you went to the

17          car where he was sitting in the

18          back seat, this individual?

19     A          I walked towards that car,

20          yes.

21     Q          Do you know the name of the

22          individual that he was talking

23          about, this ESU officer?

24     A          Not at the time.

25     Q          Did you ever come to find

```
 1       Defendant POLICE OFFICER OSCAR HERNANDEZ

 2          out that name?

 3    A       Yes.

 4    Q       What was his name?

 5    A       Garfield.

 6    Q       Did this ESU officer ever

 7          tell you that Garfield was

 8          represented by counsel?

 9                   MR. GOSLING:  Objection.

10             You can answer.

11    A       No.

12  BY MR. LORD:

13    Q       So, what happens when you

14          walk towards the car?  What

15          happens next?

16    A       I was approached by a male

17          in a Christmas sweater.

18    Q       What did the male in the

19          Christmas sweater say to you?

20    A       He was saying that he was an

21          attorney and that we couldn't

22          speak to his client.

23    Q       And what did you do with

24          that information?

25    A       I told him that we needed to
```

 1     Defendant POLICE OFFICER OSCAR HERNANDEZ
 2          with the Christmas sweater.
 3     Q          I'm sorry, you can finish.
 4     A          Yes, who said that he was an
 5          attorney and that he didn't want
 6          us speaking to his client.
 7     Q          What happened after he told
 8          you that?
 9     A          I let him know that we need
10          to know what happened, we need to
11          start an investigation about what
12          happened in this vehicle accident
13          and how it happened and we need
14          to know who was involved and we
15          need to know their pedigree
16          information.
17     Q          So, what happened after you
18          said that to the man in the
19          Christmas sweater?
20     A          He kept saying that we
21          couldn't speak to him, to his
22          client.
23     Q          And what happened after he
24          told you that?
25     A          We -- I stayed there at that

1     Defendant POLICE OFFICER OSCAR HERNANDEZ

2     vehicle.  My partner was speaking

3     to the driver of the other

4     vehicle that was involved, and he

5     comes over to me, we opened the

6     door, the door opens, we see

7     Garfield, and a female sitting in

8     the driver's seat.  Garfield was

9     sitting in the back passenger

10    seat.  He faces us.  I noticed

11    that he had bloodshot eyes and

12    watery eyes.

13   Q     And then what do you do?

14   A     He steps out the vehicle.

15    My partner says that he is under

16    arrest.  We put him in handcuffs.

17    I noticed that he had a moderate

18    odor of alcohol coming from his

19    breath.  I see that he is

20    swaying, imbalanced.

21   Q     So, did you order him out of

22    the vehicle?

23   A     I don't recall.

24   Q     When you say he got out of

25    the vehicle, did he get out

```
 1              REPORTER'S CERTIFICATION

 2

 3          I, MICHELLE TROY PARRISH, a Court

 4     Reporter and Notary Public certified in and

 5     for the State of New York, do hereby certify

 6     that I recorded stenographically the

 7     proceedings herein at the time and place noted

 8     in the heading hereof, and that the foregoing

 9     transcript is true and accurate to the best of

10     my knowledge, skill and ability.

11          IN WITNESS WHEREOF, I have hereunto

12     set my hand.

13

14

15              MICHELLE TROY PARRISH

16

17

18

19

20

21

22

23

24

25
```