# EXHIBIT O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARFIELD ANTHONY WILLIAMS, <br><br> Plaintiff, <br><br> -against- <br><br> CITY OF NEW YORK; POLICE OFFICER OSCAR HERNANDEZ, TAX ID NO. 967545; POLICE OFFICER JOSEPH OTTAVIANO, TAX ID. NO. 963677, DETECTIVE RUBEN LEON, BADGE NO. 4232 <br><br> Defendants. | **FIRST AMENDED COMPLAINT** <br><br> 1:20-cv-5995 |

Plaintiff GARFIELD ANTHONY WILLIAMS, by his attorneys, MASAI I. LORD of LORD LAW GROUP PLLC, alleges the following:

### PRELIMINARY STATEMENT

1.  Plaintiff Garfield Williams ("Mr. Williams" or "Plaintiff") spent approximately twenty-four ("24") hours in custody before being released without any charges being filed after being falsely arrested for driving while under the influence of alcohol.

2.  Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and all attendant New York state common law and statutes, for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

3.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Mr.

Williams's claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), and 28 U.S.C. § 1402(b), where Defendants reside and maintain their relevant places of business, and where the actions complained of herein occurred.

## JURY DEMAND

5. Plaintiff Williams respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

6. Plaintiff Garfield Williams is a resident of the of the State of New York, county of The Bronx.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Oscar Hernandez ("Officer Hernandez"), Tax ID No. 967545 , was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies,

customs, and usage of the City of New York and the NYPD. He is sued in his individual capacity.

9. Defendant Police Officer Joseph Ottaviano ("Officer Ottaviano"), was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. He is sued in his individual capacity.

10. Defendant Detective Ruben Leon ("Detective Leon"), was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. He is sued in his individual capacity.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

**The Accident and Arrest**

11. Mr. Williams is a graduate of The College of Mount Saint Vincent, has never been convicted of a crime, and at the time was working as a Patient Care Technician at Westchester Medical Center

12. On December 14, 2019, Mr. Williams had just finished working his shift from 6:30 AM to 11:00 PM.

13. At about 11:30 or 11:45 PM, Mr. Williams' went to the parking lot before heading home. Mr. Williams did not drink anything that night nor did he stop anywhere else nor was there alcohol in the vehicle.

14. Soon after, unfortunately, Mr. Williams was involved in a car accident.

15. He was hit on his right side in a hit and run accident that caused him to veer into another lane and damage another vehicle.

16. The accident caused injuries to Mr. Williams, including his head and his left knee.

**Mr. Williams is arrested for DWI even though there is no evidence of intoxication.**

17. The Police arrested Mr. Williams, took him to the hospital, before taking him to the precinct.

18. They arrested him on suspicion of DWI, even though at no point did they ask him questions about alcohol consumption nor conduct a breathalyzer nor conduct any coordination tests.

19. At the ambulance, Mr. Williams was handcuffed to the bed.

20. Upon information and belief, he was not tested for alcohol at the Hospital, indicating that the hospital staff did not think that there was any reasonable suspicion of intoxication.

21. Mr. Williams was ultimately released from central booking without any charges being formally filed at around 10:00 pm the next day.

22. While he was under arrest, he suffered from asthma related breathing issues. Due to his incarceration, he missed a double shift at work the next day.

23. He was ultimately terminated from his job due to absences, his missed work on December 15, 2019 – a no call, no show – being mentioned as one of the reasons.

## INJURIES AND DAMAGES

24. This action seeks damages on behalf of Plaintiff for the loss of liberty, extraordinary emotional pain and suffering, and injuries to his person, that Plaintiff was forced to endure as a consequence of Defendants' decidedly wrongful actions.

25. As a result of his wrongful arrest and unjust imprisonment, despite his actual innocence of any crime, Mr. Williams was held in custody for approximately 24 hours.  He has suffered, and continues to suffer, severe and ongoing damages.

26. The acts and omissions of Defendants entitle Plaintiff to compensatory and punitive damages.

## FIRST CLAIM:
## FALSE ARREST UNDER FEDERAL AND STATE LAW
### (Against Officer Hernandez, Officer Ottaviano, Detective Leon)

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 because they placed plaintiff in custody without probable cause or legal authorization.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM:
## FAILURE TO INTERVENE
### (Against Officer Ottaviano, Detective Leon)

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

32. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM:
### VIOLATIONS OF THE NEW YORK STATE CONSTITUTION

34. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

35. By virtue of the aforementioned acts, the Individual DEFENDANTS are liable to Plaintiff for violating his right to due process under Article I, § 6 of the New York State Constitution, and his right to be free of unreasonable and unlawful searches and seizures under Article I, § 12 of the New York State Constitution.

36. DEFENDANT THE CITY OF NEW YORK and the New York City Police Department are liable for these violations of the New York State Constitution under the principle of respondeat superior.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   April 29, 2021
         New York, New York

                                              /s/ Masai I. Lord
                                              Masai I. Lord
                                              Lord Law Group PLLC
                                              14 Wall St., Ste 1603
                                              New York, NY 10005
                                              W: 718-701-1002
                                              C: 347-243-6014
                                              E: lord@nycivilrights.nyc