Docket No. 20-CV-5995 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARFIELD ANTHONY WILLIAMS,

                              Plaintiffs,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
OSCAR HERNANDEZ, POLICE OFFICER JOSEPH
OTTAVIANO, and DETECTIVE RUBEN LEON,

                              Defendants.

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  William T. Gosling*

*Tel:  (212) 356-2384*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT ............................................................ 1

STATEMENT OF FACTS ................................................................... 1

STANDARD OF REVIEW ................................................................. 4

ARGUMENT ..................................................................................... 5

       POINT I

           THERE WAS PROBABLE CAUSE FOR
           PLAINTIFF'S ARRESTS ........................................................ 5

       POINT II

           DEFENDANTS OTTAVIANO AND LEON ARE
           NOT LIABLE FOR FAILURE TO INTERVENE .................................. 9

       POINT III

           PLAINTIFF HAS NOT PLAUSIBLY PLED A
           MUNICIPAL LIABILITY CLAIM AGAINST THE
           CITY OF NEW YORK ........................................................ 10

       POINT IV

           DEFENDANTS ARE ENTITLED TO QUALIFIED
           IMMUNITY ................................................................. 11

       POINT V

           PLAINTIFF'S STATE LAW CLAIMS FAIL AS A
           MATTER OF LAW ........................................................... 13

           A. *The Court Should Decline to Exercise
              Jurisdiction over the State Law Claims* ........................... 13

           B. *Plaintiff's Purported Due Process Claim Should
              Be Dismissed* ................................................... 14

           C. *Plaintiff's Purported False Arrest Claim
              Pursuant To New York State Law Should Be
              Dismissed* ..................................................... 15

D.   *Plaintiff's Purported Unlawful Search and Seizure Claim Should Be Dismissed* ...................................................16

E.   *Plaintiff's Purported Respondeat Superior Claim against the City Should Be Dismissed* ...................................16

CONCLUSION .......................................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Pages**

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986) ..............................................................................................5

Annunziata v. City of New York,
   06 Civ. 7637 (SAS), 2008 U.S. Dist. LEXIS 42097 (S.D.N.Y. May 28, 2008) ......................7

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ............................................................................................14

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986) ..............................................................................................4

Cerrone v. Brown,
   246 F.3d 194 (2d Cir. 2001) ................................................................................12

Chimel v. California,
   395 U.S. 752 (1969) ............................................................................................16

Connick v. Thompson,
   563 U.S. 51 (2011) ..............................................................................................10

Curley v. Village of Suffern,
   268 F.3d 65 (2d Cir. 2001) ..................................................................................6

Delaney v. Bank of Am. Corp.,
   766 F.3d 163 (2d Cir. 2014) ................................................................................4

Demosthene v. City of N.Y.,
   No. 14 CV 816 (SJ) (VMS),
   2019 U.S. Dist. LEXIS 142940, (E.D.N.Y. Aug. 16, 2019) ...................................4

Devenpeck v. Alford,
   543 U.S. 146 (2004) ..............................................................................................5

Dorsey v. American Express Co.,
   499 F.Supp.2d 1 (D.D.C. 2007) ..........................................................................14

Droz v. McCadden,
   580 F.3d 106 (2d Cir. 2009) ................................................................................12

Escalera v. Lunn,
   361 F.3d 737 (2d Cir. 2004) ................................................................................12

**Cases**                                                                                                      **Pages**

Fountain v. City of White Plains,
    No. 13-CV-7016 (LTS) (FM), 2015 U.S. Dist. LEXIS 127456
    (S.D.N.Y. Sept. 23, 2015)......................................................................................................14

Franco v. Kelly,
    854 F.2d 584 (2d Cir. 1988) ...............................................................................................15

Gagliardi v. Dept. of Motor Vehicles,
    144 A.D.2d 882 (3rd Dept. 1988) ......................................................................................8,9

Goenaga v. March of Dimes Birth Defects Found.,
    51 F.3d 14 (2d Cir. 1995) .....................................................................................................4

Hoyos v. City of New York,
    999 F. Supp. 2d 375 (E.D.N.Y. 2013)..................................................................................7

Illinois v. Andreas,
    463 U.S. 765 (1983) ..............................................................................................................7

Illinois v. Gates,
    462 U.S. 213 (1983) ..............................................................................................................5

Jackson v. City of New York,
    939 F. Supp. 2d 219 (E.D.N.Y. 2013)..................................................................................9

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006) .................................................................................................5

Krause v. Bennett,
    887 F.2d 362 (2d Cir. 1989) .................................................................................................5

Langer v. Town of Trumball,
    34 F. App'x 816 (2d Cir. 2002) ..........................................................................................13

Lennon v. Miller,
    66 F.3d 416 (2d Cir. 1995) .................................................................................................13

Lovitch v. County of Orange,
    2013 U.S. Dist. LEXIS 102190 (S.D.N.Y. July 19, 2013)..................................................10

Martinez v. Simonetti,
    202 F. 3d 625 (2d Cir. 2000) ...............................................................................................5

Mauro v. Southern New England Telecomm., Inc.,
    208 F.3d 384 (2d Cir. 2000) ...............................................................................................13

**Cases**                                                                                      **Pages**

Monell, v. Dep't of Soc. Servs.
  426 U.S. 658 (1978) ..................................................................................................10

Morales v. City of New York,
  59 F. Supp. 3d 573 (S.D.N.Y. 2014) ....................................................................16

Moray v. City of Yonkers,
  924 F. Supp. 8 (S.D.N.Y. 1996) ...........................................................................10

Morello v. James,
  810 F.2d 344 (2d Cir. 1987) .................................................................................15

Morgan v. County of Nassau,
  720 F. Supp. 2d 229 (E.D.N.Y. 2010) ...................................................................9

Newton v. City of New York,
  566 F. Supp. 2d 256 (S.D.N.Y 2008) ..................................................................11

Newton v. City of New York,
  681 F. Supp. 2d 473 (S.D.N.Y. 2010) ...................................................................4

Ornelas v. United States,
  517 U.S. 690 (1996) ..............................................................................................12

Parratt v. Taylor,
  451 U.S. 527 (1981),
  *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986)............14

Pembaur v. City of Cincinnati,
  475 U.S. 469 (1986) ..............................................................................................10

Rodriguez v. Winski,
  973 F. Supp. 2d 411 (S.D.N.Y. 2013) ..................................................................10

Roe v. City of Waterbury,
  542 F.3d 31 (2d Cir. 2008) .....................................................................................4

Saucier v. Katz,
  533 U.S. 194 (2001) ..............................................................................................11

Savino v. City of N.Y.,
  331 F.3d 63 (2d Cir. 2003) .....................................................................................7

SCR Joint Venture L.P. v. Warshawsky,
  559 F.3d 133 (2d Cir. 2009) ...................................................................................4

**Cases**                                                                                           **Pages**

Smith v. City of New York,
    388 F. Supp. 2d 179 (S.D.N.Y. 2005) ...................................................................5

Smith v. O'Connor,
    901 F. Supp. 644 (S.D.N.Y. 1995) ...................................................................15

Texas v. Brown,
    460 U.S. 730 (1983) ...................................................................................6

Torraco v. Port Auth. of N.Y. and N.J.,
    615 F.3d 129 (2d Cir. 2010) ...................................................................5, 15

Triano v. Town of Harrison,
    895 F. Supp. 2d 526 (S.D.N.Y. 2012) ............................................................11

United Mine Workers of America v. Gibbs,
    383 U.S. 715 (1966) .................................................................................14

Velez v. City of New York,
    730 F.3d 128 (2013) .................................................................................16

W.G. v. Senatore,
    18 F.3d 60 (2d Cir. 1994) ..........................................................................13

Walczyk v. Rio,
    496 F.3d 139 (2d Cir. 2007) .........................................................................6

Webster v. City of New York,
    333 F. Supp. 2d 184 (S.D.N.Y. 2004) ............................................................10

Wray v. City of New York,
    490 F.3d 189 (2d Cir. 2007) ......................................................................10

Zanfardino v. City of New York,
    230 F. Supp. 3d 325 (S.D.N.Y. 2017) ............................................................16

Zellner v. Summerlin,
    494 F.3d 344 (2d Cir. 2007) ........................................................................7

**Statutes**

28 U.S.C. 1367(c)(3) ....................................................................................13

28 U.S.C. § 1367(a) ....................................................................................13

28 U.S.C. § 1367(c) ....................................................................................13

**Statutes**                                                                                          **Pages**

42 U.S.C. § 1983 ............................................................................................*passim*

Fed. R. Civ. Pro. 8 .................................................................................................16

Fed. R. Civ. Pro. 8(a) ............................................................................................14

**Other Authorities**

Local Civil Rule 56.1 ...............................................................................................1

NY CLS Const. Art. I, § 12 ..................................................................................16

Vehicle and Traffic Law § 1192 .......................................................................3, 7

## PRELIMINARY STATEMENT

Plaintiff brings a false arrest claim under 42 U.S.C. § 1983, after he crashed his car into another vehicle on the Bronx River Parkway and complaints were made to police by the other driver that the plaintiff was intoxicated. Supported by probable cause, Plaintiff was arrested on December 15, 2019 for suspicion of driving under the influence. Plaintiff also brings federal claims against defendants Ottaviano and Leon for failure to intervene despite alleging that all of the defendants directly participated in his arrest on December 15, 2019. Plaintiff purports to bring state claims under New York law for false arrest and unlawful search and seizure. However, there was probable cause for plaintiff's arrest because the officers believed he was intoxicated based on the car crash and the officers made the following observations of plaintiff: a moderate odor of alcohol on the plaintiff's breath, bloodshot watery eyes, and slurred speech. Plaintiff purports to bring a due process claim without providing factual allegations or evidence that the defendants violated his due process rights. Plaintiff names the City of New York as a defendant but does not allege any municipal policy or custom that allegedly violated his rights. Finally, plaintiff purports to bring a *respondeat superior* claim against the City without the existence of an underlying tort.

Plaintiff's claims fail and should be dismissed in their entirety. In sum, plaintiff cannot establish a genuine issue of material fact that would necessitate a trial as to any of his claims and, as such, defendants are entitled to summary judgement.

## STATEMENT OF FACTS[1]

On December 14, 2019, Plaintiff was working at the Westchester Medical Center and ended his shift at 11:00 p.m. (Def. 56.1 at ¶ 1-2). Plaintiff drove to and from work on December

---

[1] For a complete statement of facts assumed to be undisputed for purposes of this motion only, the Court is respectfully referred to Defendants' Local Civil Rule 56.1 Statement of Undisputed Material Facts, (herein after "Def. 56.1"),

14, 2019 in his Nissan Altima. (Id. at ¶ 3.) On December 15, 2019, on or about 12:08 a.m. plaintiff was involved in a car accident while driving southbound on the Bronx River Parkway crashing into the rear of another vehicle. (Id. at ¶¶ 4-5.)

The driver of the other vehicle, Carlos Jiminez, dialed 911 and reported that he was just in a car accident on the Bronx River Parkway with someone driving a Nissan and the driver in the Nissan is intoxicated. (Id. at ¶¶ 6-8.) Plaintiff's vehicle sustained significant damage to the front end of his car. (Id. at ¶ 9.)

Members of the NYPD's Emergency Service Unit ("ESU"), included Detective Leon, were coming from a prior job and arrived at the accident scene. (Id. at ¶ 10.) Upon their arrival, Detective Leon noticed there were three cars at the scene, one vehicle in the left lane and two in the right lane, blocking traffic. (Id. at ¶ 11.) Detective Leon observed the vehicle in the left lane to be unoccupied and the vehicles in the right lane were occupied. (Id. at ¶ 12). Detective Leon approached one of the vehicles in the right lane which had two people inside, a woman in the driver's seat and a male in the back seat. (Id.) The woman informed Detective Leon that she was not involved in the car accident but the man in the back seat was. (Id.) Detective Leon requested assistance for a sector car from the 48th Precinct to respond to the accident. (Id. at ¶ 13.)

Police Officers Oscar Hernandez and Joseph Ottaviano from the 48th Precinct received a radio run, generated by 911 calls, to respond to the accident. (Id. at ¶ 14.) The report of the 911 calls reflect that the caller indicated he was in a motor vehicle accident with a Nissan Altima and that the driver in the Nissan was intoxicated. (Id. at ¶¶ 6-8). After arriving on the scene, Officer Hernandez spoke with a member from ESU who informed him that the plaintiff seemed to

_____

dated April 6, 2022, which is submitted concurrently herewith. A brief recitation of the salient undisputed facts is set forth herein for the Court's consideration.

be impaired. (Id. at ¶ 20.) Officer Ottaviano briefly spoke with the plaintiff while he was sitting in the back seat of another vehicle and made the following observations: plaintiff had a moderate odor of alcohol on his breath, plaintiff had slurred speech, and plaintiff's eyes were bloodshot and watery. (Id. at ¶¶ 16-17.) Officer Hernandez also observed that the plaintiff's eyes were bloodshot and watery. (Id. at ¶ 22.) Additionally, as reflected on body worn camera video the other driver informed Officer Ottaviano the manner in which the accident had happened and further stated that he had observed that the plaintiff was stumbling on the scene and "fucked up." (Id. at ¶¶ 18-19; *Exhibit H* at 5:04-5:46.) Plaintiff was arrested for suspicion of driving while intoxicated, a violation under Vehicle and Traffic Law § 1192. (Id. at ¶ 23.)

Following plaintiff's arrest, Officer Hernandez made additional observations of the plaintiff: a moderate odor of alcohol on plaintiff's breath and the plaintiff was unsteady on his feet. (Id. at 24.) After the plaintiff's arrest, he was brought to an ambulance on the scene and sent to Jacobi Hospital for medical evaluation from injuries sustained during the car accident. (Id. at ¶ 25.)

At the hospital, highway officers asked the plaintiff to submit to a blood alcohol test but the plaintiff refused all testing. (Id. at ¶ 26.) Plaintiff did not sustain any physical or emotional injuries as a result of this arrest. (Id. at ¶¶ 27-28.) Plaintiff's criminal charge for DWI was dismissed prior to arraignment because the other driver did not want to be involved with the criminal investigation. (Id. at ¶ 29.)

Before leaving the precinct, the plaintiff was offered a NYPD Property Voucher, Invoice No. 2000930421, for his vehicle which provided detail instructions on how to retrieve his property back. (Id. at ¶¶ 30-31.) Plaintiff refused to accept the voucher. (Id. at ¶ 32.) On January 22, 2020, NYPD mailed the plaintiff a letter with instructions on how to obtain his property back.

(Id. at ¶ 33.) On February 2, 2020, plaintiff received the letter from NYPD. (Id. at ¶ 34.) On March 31, 2020, plaintiff went to the Springfield Gardens Auto Pound and received his plates back but abandoned his vehicle. (Id. at ¶ 35.)

## STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Demosthene v. City of N.Y., No. 14 CV 816 (SJ) (VMS), 2019 U.S. Dist. LEXIS 142940, at *6 (E.D.N.Y. Aug. 16, 2019) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The Court should "assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Demosthene, 2019 US Dist LEXIS 142940, at *7 (citing Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014)). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009) (citing Roe v. City of Waterbury, 542 F.3d 31, 34 (2d Cir. 2008) (internal quotations omitted)).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). "[T]o defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact." Newton v. City of New York, 681 F. Supp. 2d 473, 484-485 (S.D.N.Y. 2010). Once a movant has set forth proof, "the non-moving party must then set forth specific facts showing that there is a genuine issue for trial…[and] may not rest upon mere allegations or denials of his pleading." Demosthene, 2019 US

4

Dist LEXIS 142940, at *7 (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256, (1986).

That is, the non-moving party must offer "concrete evidence from which a reasonable juror could

return a verdict in his favor." <u>Anderson</u>, 477 U.S. at 242 (1986).

      For the reasons set forth herein, defendants are entitled to summary judgment as a

matter of law on all of plaintiff's claims.

## **ARGUMENT**

## **POINT I**

## **THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARRESTS**

      Plaintiff's claim for false arrest must be dismissed because the undisputed facts

support a finding that, as a matter of law, there was probable cause for plaintiff's arrests. "Probable

cause is an absolute defense to a false arrest claim." <u>Torraco v. Port Auth. of N.Y. and N.J.</u>, 615

F.3d 129, 139 (2d Cir. 2010) (citing <u>Jaegly v. Couch</u>, 439 F.3d 149, 152 (2d Cir. 2006)).

      An officer has probable cause to arrest if he has "knowledge or reasonably

trustworthy information sufficient to warrant a person of reasonable caution in the belief that an

offense has been committed by the person to be arrested." <u>Martinez v. Simonetti</u>, 202 F. 3d 625,

634 (2d Cir. 2000) (citation omitted). "Whether probable cause exists depends upon the reasonable

conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."

<u>Devenpeck v. Alford</u>, 543 U.S. 146, 152-53 (2004). Probable cause to arrest depends on the

"totality of the circumstances." <u>Illinois v. Gates</u>, 462 U.S. 213, 233 (1983). In determining whether

probable cause exists, an officer need not decide between inconsistent accounts of the events, as

the arresting officer is "neither required nor allowed to sit as prosecutor, judge or jury." <u>Smith v.

City of New York</u>, 388 F. Supp. 2d 179, 185 (S.D.N.Y. 2005) (citing <u>Krause v. Bennett</u>, 887 F.2d

362, 372 (2d Cir. 1989)). The arresting officer does not have to prove a plaintiff's version wrong

before arresting him. See Curley v. Village of Suffern, 268 F.3d 65 (2d Cir. 2001). "When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity." Curley, 268 F. 3d at 70. "In sum, probable cause does not demand any showing that a good-faith belief be correct or more likely true than false." Walczyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007) (citing Texas v. Brown, 460 U.S. 730, 742 (1983)).

Here, the totality of the circumstances provided probable cause for the plaintiff's arrest. It is undisputed that on December 15, 2019, the plaintiff was in a car accident. Plaintiff hit another vehicle from behind while driving southbound on the Bronx River Parkway. Plaintiff's car sustained significant damage and was undrivable as reflected in photographs taken on scene. (Def. 56.1 at ¶ 9;*Exhibit D.*) After the accident, the other driver of the vehicle, Mr. Jimenez, reported plaintiff to be intoxicated to 911. Mr. Jimenez also informed defendant Ottaviano that following the accident he observed that the plaintiff was stumbling and "fucked up." (*Exhibit H* at 5:04 to 5:46.) The other driver's complaints to 911 regarding plaintiff's intoxication, the scene of the crash as well as the visible significant damage to plaintiff's car reflecting that plaintiff hit the car in front of him, the observations of the plaintiff made by the officers (bloodshot watery eyes, odor of alcohol, unsteady balance, and slurred speech) and the statements made by the other driver that plaintiff was observed stumbling following the crash all formed the basis for probable cause to arrest plaintiff for driving while intoxicated. Here, there were no circumstances presented to the defendants that raised any doubt about the other drivers' veracity. Curley, 268 F. 3d at 70. Instead, the officer's observations of the plaintiff establish the opposite—that the plaintiff appeared intoxicated.

"The existence of probable cause need not be assessed on the basis of the knowledge of a single officer." Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007). Under the fellow officer doctrine, an arrest is permissible "even if an arresting officer lacks personal knowledge sufficient to establish probable cause," so long as the officer acts "as a result of communication with a … [fellow] officer" and "the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest." Annunziata v. City of New York, 06 Civ. 7637 (SAS), 2008 U.S. Dist. LEXIS 42097, at *17 (S.D.N.Y. May 28, 2008) (citations omitted). A police officer is generally "entitled to rely on the contents of a fellow officer's … report." Id. at *19 (citation omitted). See also Savino v. City of N.Y., 331 F.3d 63, 74 (2d Cir. 2003) (The collective knowledge doctrine provides that, for the purpose of determining whether an arresting officer had probable cause to arrest "where law enforcement authorities are cooperating in an investigation, . . . the knowledge of one is presumed shared by all.'") quoting Illinois v. Andreas, 463 U.S. 765, 772 n.5 (1983).

In determining the propriety of an arrest for violating § 1192 of the New York Vehicle and Traffic Law, "[t]he only valid inquiry on this issue is whether, viewing the facts and circumstances as they appeared at the time of arrest, a reasonable person in the position of the officer could have concluded that the motorist had operated the vehicle while under the influence of intoxicating liquor." Hoyos v. City of New York, 999 F. Supp. 2d 375, 386-87 (E.D.N.Y. 2013) (citation omitted).

Pursuant to the fellow officer doctrine there was probable cause to arrest the plaintiff. When the officers first arrived on the scene Officer Hernandez was informed by a member

of the ESU team[2] that the plaintiff appeared intoxicated. (Def. 56.1 at ¶ 20.) Moreover, pursuant to the 911 Sprint report the officers were responding to a car accident on the Bronx River Parkway involving a Nissan Altima. (Def. 56.1 at ¶ 6-7.) The 911 report further reflects that the caller informed 911 that the driver in the Nisan was intoxicated. (Def. 56.1 at ¶ 8.) It is undisputed that the plaintiff was the driver of the Nissan. Based on the condition of plaintiff's car when the officers arrived on the scene, ESU officers statement to Officer Hernandez that plaintiff may be intoxicated, as well as the 911 radio run reflecting that the 911 caller whose car was hit by plaintiff reported that the driver of the Nissan was intoxicated, the fellow officer doctrine established probable cause for the arrest of plaintiff.

Moreover, Defendants Ottaviano and Hernandez made their own observations of the plaintiff at the scene. When defendants Ottaviano and Hernandez arrived at the scene, they first observed that a car accident had taken place. They observed plaintiff's car unattended and damage sustained to the front end of the vehicle, and they saw another car with damage to the rear bumper occupied by Mr. Jimenz. Mr. Jiminez reported to Officer Ottaviano that the plaintiff hit the rear of his vehicle, plaintiff was stumbling, and "fucked up." (Def. 56.1 at ¶ 19.) While on the scene, Officer Ottaviano and Hernandez each observed plaintiff to appear intoxicated. Officer Ottaviano observed the plaintiff with bloodshot watery eyes, a moderate odor of alcohol on his breath, and slurred speech. (Def. 56.1 at ¶ 17.) Officer Hernandez observed the plaintiff had bloodshot watery eyes. (Def. 56.1 at ¶ 22.) Based on the officers' training and experience, they believed that plaintiff got into a car accident while under the influence of intoxicating liquor and thus, had probable cause to arrest plaintiff. See Gagliardi v. Dept. of Motor Vehicles, 144 A.D.2d 882, 883-884 (3rd Dept.

---

[2] There were several officers from ESU who were on the scene. Detective Leon was not the only officer from ESU at the scene.

1988) (police officer had probable cause to arrest motorist for drunk driving where the officer detected alcohol on the motorist breath, saw him stagger, and observed that his eyes were glazed after an accident.).

After the plaintiff was arrested Officer Hernandez made additional observations of plaintiff's intoxicated state. Officer Hernandez observed that the plaintiff was unsteady on his feet by swaying and also smelled a moderate odor of alcohol coming from plaintiff's breath. (Def. 56.1 at ¶ 24.) Accordingly, there was probable cause to arrest plaintiff for suspicion of a DWI. Therefore, any false arrest claim should be dismissed.

## POINT II

### DEFENDANTS OTTAVIANO AND LEON ARE
### NOT LIABLE FOR FAILURE TO INTERVENE

Plaintiff brings a failure to intervene claim against defendants Ottaviano and Leon and alleges they are each liable to the plaintiff for failing to intervene in the plaintiff's arrest. See, Amended Complaint, *Exhibit O* at ¶ ¶ 30-33, Gosling Decl. However, an officer is not liable on this claim if plaintiff alleges the officer *directly participated* in the alleged misconduct. Morgan v. County of Nassau, 720 F. Supp. 2d 229, 240 (E.D.N.Y. 2010) (insufficient facts alleged to state a claim against either defendant for failure to intervene, particularly in light of the fact that one defendant is alleged himself to have used excessive force, and the plaintiff alleges no facts the other officer observed that use of force); Jackson v. City of New York, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013) ("The Court has already concluded [that the two officers] both may be held liable under a theory of direct participation, therefore neither would be held liable for failure to intervene."). Here, since plaintiff alleges that all of the defendants were active participants in the alleged violations, plaintiff's failure to intervene claims against Ottaviano and Leon must be dismissed. See, Amended Complaint, *Exhibit O* at ¶ ¶ 27-29.

## POINT III

## PLAINTIFF HAS NOT PLAUSIBLY PLED A MUNICIPAL LIABILITY CLAIM AGAINST THE CITY OF NEW YORK

Plaintiff has neither adduced nor alleged facts sufficient to identify a custom or policy, or that would indicate the actions of a policymaker, that were the driving force behind his arrest, and thus the Monell claim must be dismissed. A municipality is not vicariously liable for its employees' actions under § 1983. See Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell, v. Dep't of Soc. Servs. 426 U.S. 658, 691 (1978)). Municipalities are, however, liable for "their own illegal acts." Id. (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986)). A plaintiff seeking to hold a municipality liable under § 1983 must plead "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Rodriguez v. Winski, 973 F. Supp. 2d 411, 425 (S.D.N.Y. 2013) (citing Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007)).

A plaintiff may satisfy the first of those prongs in one of four ways: by alleging the existence of (1) a formal policy, (2) action taken or decisions made by policymakers that caused the violation of plaintiff's rights, (3) a practice so persistent and widespread that it constitutes a "custom or usage," or (4) a failure to properly train or supervise municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Where a plaintiff, as here, fails to adduce any evidence, or even to allege the existence of any polices or customs that were the driving forces behind the alleged constitutional deprivations in the Complaint, summary judgment is appropriate. Lovitch v. County of Orange, 2013 U.S. Dist. LEXIS 102190, at *15 (S.D.N.Y. July 19, 2013) (citing Brandon v. City of New York, 705 F. Supp. 2d 261, 278 (S.D.N.Y. 2010) and Webster v. City of New York, 333 F. Supp. 2d 184, 207 (S.D.N.Y. 2004).

The Amended Complaint does not allege any facts to support any form of claim recognized in Monell jurisprudence.  The allegations of plaintiff's claims are limited to the actions of defendants in arresting plaintiff. It is well-settled that a single instance of unconstitutional conduct by an employee of the government is insufficient to establish municipal liability. Triano v. Town of Harrison, 895 F. Supp. 2d 526, 538 (S.D.N.Y. 2012) (citing Newton v. City of New York, 566 F. Supp. 2d 256, 271 (S.D.N.Y 2008). No allegations of policy, custom, or failure to train are made. See, generally, Amended Complaint, Exhibit O, Gosling Decl.  Further, there are no allegations that defendants were a policymaker, for the purposes of establishing municipal liability. Certainly, if such allegations were made, they would fail as a matter of law.

For all of the foregoing reasons, plaintiff's claim against the City of New York must be dismissed.

## POINT IV

## DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

At a minimum, Officer Ottaviano, Officer Hernandez, and Detective Leon are entitled to qualified immunity for their actions taken in connection with plaintiff's arrest. Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." Saucier v. Katz, 533 U.S. 194, 202 (2001). Qualified immunity protects an officer from acting on reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause. Id. at 206. Qualified immunity shields an officer from suit when he makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances he confronted. Id. "Even on summary judgment, where all facts must be viewed in the light most favorable to the non-moving party, for the purpose of qualified immunity and arguable probable cause, police officers are entitled to draw reasonable inferences from the facts they possess at the

time of a seizure based upon their own experiences." <u>Cerrone v. Brown</u>, 246 F.3d 194, 203 (2d Cir. 2001) (<u>citing</u> <u>Ornelas v. United States</u>, 517 U.S. 690, 699 (1996)).

"Arguable probable cause…exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well-established law." <u>Droz v. McCadden</u>, 580 F.3d 106, 109 (2d Cir. 2009) (internal quotation and citation omitted). In deciding whether arguable probable cause existed, the Courts look to whether "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." <u>Escalera v. Lunn</u>, 361 F.3d 737, 743 (2d Cir. 2004).

In light of all the facts and circumstances known to the defendants at the time of plaintiff's arrests, defendants are at least entitled to qualified immunity. It was reasonable for defendants to believe, even if mistaken, that the plaintiff was driving his vehicle under the influence of alcohol when he got into a car accident on the Bronx River Parkway on December 15, 2019. The other driver reported that the plaintiff was intoxicated, and the officers' observations provided arguable probable cause for his arrest. Thus, for all of the reasons discussed *supra* it was reasonable for defendants to believe that there was probable cause to arrest plaintiff when they observed plaintiff to have a moderate smell of alcohol on his breath, bloodshot watery eyes, slurred speech and unsteady balance. Based on the officers' training and experience, the plaintiff presented multiple signs of intoxication. Therefore, the defendants are entitled to qualified immunity.

Finally, wherever it appears "that the only conclusion a rational jury could reach is that reasonable officers would disagree about the legality of the defendants' conduct under the

circumstances, summary judgment for the officers is appropriate." <u>Mesa</u>, 2013 U.S. Dist. LEXIS 1097, *58 (citing <u>Lennon v. Miller</u>, 66 F.3d 416, 421 (2d Cir. 1995).

For the foregoing reasons, the Court should find that defendants are entitled to summary judgment in their favor on the basis of qualified immunity.

**POINT V**

**PLAINTIFF'S STATE LAW CLAIMS FAIL AS
A MATTER OF LAW**

Plaintiff broadly alleges a due process claim without providing any factual allegations in the First Amended Complaint of what due process rights were allegedly violated. <u>See</u>, Amended Complaint, *Exhibit O* at ¶¶ 27-29. Plaintiff also purports to bring state law claims under New York law for false arrest, unlawful search and seizure, and a *respondeat superior* claim against the City. <u>Id.</u>

*A.    The Court Should Decline to Exercise Jurisdiction over the State Law Claims*

The Court should "decline to exercise pendent jurisdiction under 28 U.S.C. 1367(c)(3) as the claims conferring federal jurisdiction are ripe for dismissal. <u>Langer v. Town of Trumball</u>, 34 F. App'x 816, 817 (2d Cir. 2002). The decision whether to exercise supplemental jurisdiction is left to the discretion of the district court and will not be reversed absent an abuse of discretion. <u>Mauro v. Southern New England Telecomm., Inc.</u>, 208 F.3d 384, 388 (2d Cir. 2000). Supplemental jurisdiction should not be exercised merely because "the exercise of such judicial power is desirable or expedient." <u>W.G. v. Senatore</u>, 18 F.3d 60, 64 (2d Cir. 1994). A district court may decline to exercise supplemental jurisdiction over a claim arising under § 1367(a) if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to

promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Here, as discussed supra, plaintiff's federal claims are ripe for dismissal. For that reason, the Court should also decline to exercise supplemental jurisdiction on plaintiff's state law claims, if any survive this motion. See e.g. Fountain v. City of White Plains, No. 13-CV-7016 (LTS) (FM), 2015 U.S. Dist. LEXIS 127456, at * 26-27 (S.D.N.Y. Sept. 23, 2015) (declining to exercise supplemental jurisdiction over state law claims in a false arrest case when all the claims conferring federal jurisdiction have been dismissed.)

B.    *Plaintiff's Purported Due Process Claim Should Be Dismissed*

At the outset, plaintiff's has not alleged a due process claim and there are no facts to support it. See, generally, Amended Complaint, *Exhibit O*, Gosling Decl. The First Amended Complaint does not allege what type of due process claim the plaintiff is asserting and it does not allege any factual allegations relating to that claim. Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief" that is detailed enough to "give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" Dorsey v. American Express Co., 499 F.Supp.2d 1, 3 (D.D.C. 2007) (alteration in original) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, plaintiff has not given defendants fair notice of the nature of his claim. Thus, as a threshold matter, plaintiff's due process claim should be dismissed for insufficient pleading.

To the extent that the plaintiff is alleging a due process claim in connection with his property, the plaintiff has failed to alleged that the state law remedies in dealing with this claim are inadequate. When a state employee deprives a person of property, no action lies under § 1983 if the state provides a post-deprivation remedy under state law. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986). "[A]

claim for deprivation of property cannot lie in federal court if the state courts provide an adequate remedy for the deprivation of that property." Smith v. O'Connor, 901 F. Supp. 644, 647 (S.D.N.Y. 1995) (citing Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988)). A plaintiff's failure to avail himself of state remedies will not afford him a constitutional due process claim. See id. Section 1983 should "not be made a vehicle for transforming mere civil tort claims into constitutional injuries." Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987).

Finally, plaintiff was provided with sufficient notice to obtain his property back. Plaintiff was given a property voucher, which he refused, that set forth detail instructions for how to obtain his property back and the consequences of failing to claim his property. (Def. 56.1 at ¶¶ 30-32.) Additionally, on January 22, 2020 a letter addressed to plaintiff was sent to the plaintiff's home with detail instructions on obtaining his property back. (Def. 56.1 at ¶ 33.) On or about February 2, 2020, Plaintiff received and signed for this letter. (Def. 56.1 at ¶ 34.) On March 31, 2020, plaintiff went to the Springfield Auto Pound and received his plates back but abandoned his vehicle. (Def. 56.1 at ¶ 35.) Plaintiff cannot argue that he did not receive sufficient notice of the consequences for his failure to retrieve his property. Accordingly, plaintiff's state law due process claim should be dismissed.

C.     *Plaintiff's Purported False Arrest Claim Pursuant To New York State Law Should Be Dismissed*

Under both New York and federal law, "the existence of probable cause is an absolute defense to a false arrest claim." Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 139 (2d Cir. 2010) (citations omitted). Here, as argued in Point I, supra, probable cause existed for plaintiff's arrest. Accordingly, plaintiff's state law claims for false arrest must be dismissed.

D.      *Plaintiff's Purported Unlawful Search and Seizure Claim Should Be Dismissed*

In the First Amended Complaint, Plaintiff does not assert any factual allegations that he was unlawfully searched in connection with his arrest. <u>See</u>, Amended Complaint, *Exhibit O*. Accordingly, any purported unlawful search claim should be dismissed for insufficient pleading under Rule 8. FED. R. CIV. PRO. 8. Notwithstanding, it is well established that officers are permitted to search a person subsequent to an arrest. <u>Chimel v. California</u>, 395 U.S. 752, 762-63 (1969) ("When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape.  Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated.").

The seizure of plaintiff was privileged because there was probable cause to arrest the plaintiff. Moreover, discussed, *supra*, the defendants should be entitled to qualified immunity with respect to any unlawful search and seizure claim. As plaintiff cannot identify any evidence to that tends to show a violation of his rights as a result of defendants' actions, discussed, *supra*, in Point I, Plaintiff's claims pursuant to subsections 12 of the New York State Constitution (unreasonable searches and seizures) cannot survive. <u>See</u> NY CLS Const. Art. I, § 12.

E.      *Plaintiff's Purported Respondeat Superior Claim against the City Should Be Dismissed*

Pursuant to the *respondeat superior* doctrine, "an employer can be held 'vicariously liable for torts committed by an employee acting within the scope of employment. . . so long as the tortious conduct is generally foreseeable and a natural incident of the employment.'" <u>Zanfardino v. City of New York</u>, 230 F. Supp. 3d 325, 338 (S.D.N.Y. 2017). When plaintiff fails to demonstrate "any liability on the part of any of the City's agents or employees, [his] *respondeat superior* claim also fails." <u>Morales v. City of New York</u>, 59 F. Supp. 3d 573, 583 (S.D.N.Y. 2014), citing <u>Velez v. City of New York</u>, 730 F.3d 128, 137 (2013) (noting in context of *respondeat superior* liability that if employee was not liable, "there is no basis for imposing liability on the

employer"). Before entertaining the question of *respondeat superior* liability, there must exist an underlying tort. Here, as there is no underlying state tort, there is no basis for *respondeat superior* liability. Accordingly, the City should be dismissed from this case.

## CONCLUSION

For all of the foregoing reasons, the Court should grant summary judgment in favor of defendants Hernandez, Ottaviano, Leon and the City of New York, dismiss the First Amended Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 6, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2384

By: *William T. Gosling* /S
William T. Gosling
*Assistant Corporation Counsel*

TO: VIA Regular Mail & ECF
Masai Lord, Esq.
*Attorney for Plaintiff*
Lord Law Group PLLC
14 Wall Street, Suite 1603
New York, NY 10005