UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GARFIELD ANTHONY WILLIAMS.,

               Plaintiff,

-against-

CITY OF NEW YORK; POLICE OFFICER OSCAR HERNANDEZ, TAX ID NO. 967545; POLICE OFFICER JOSEPH OTTAVIANO, TAX ID. NO 936677; DETECTIVE RUBEN LEON, BADGE NO. 4232

1:20-CV-05995

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37**

**Lord Law Group PLLC**
By: Masai I. Lord, esq
14 Wall St., Ste 1603
New York, NY 10005

*Attorneys For Plaintiff*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………………….............3

STATEMENT OF FACTS AND PROCEDURAL HISTORY……………………………...........4

LEGAL STANDARD………………………………………………………………………4

ARGUMENT……………………………………………………………………………….6

    I.    Defendant's Failure To Provide The Radio Run Cannot Be Justified And It Is Not Harmless………………………………………………………………………….6

    II.    Defendant's Failure To Provide The Medical Treatment Form Cannot Be Justified And It Not Harmless……………………………………………………………… 7

CONCLUSION……………………………………………………………………………… 8

# TABLE OF AUTHORITIES

**CASES**                                                                                              **PAGES(S)**

AIG Global Asset Management Holdings v. Branch et al.,
    No. 04Civ.8803 (RMB)(THK), 2005 WL 25494, at *l (S.D.N.Y. Feb. 18, 2005)
    (quoting Jockey Int'l, Inc. v. M/V "Leverkusen Express", 217 F.Supp.2d 447, 452
    (S.D.N.Y.2002))……………………………………………………………………….5

American Stock Exchange, LLC v. Mopex, Inc.,
    215 F.R.D. 87, 93 (S.D.N.Y.2002)……………………………………………………….5

Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,
    602 F.2d 1062, 1066 (2d Cir.1979)……………………………………………………… 5

Design Strategies, Inc. v. Davis,
    367 F.Supp.2d 630, 635(S.D.N.Y.2005), aff'd, 469 F.3d 284…………………………..5

Ebewo v. Martinez,
    309 F.Supp.2d 600, 607 (S.D.N.Y.2004…………………………………………………4

Johnson Electric North America Inc. v. Mabuchi Motor America Corp.,
    77 F.Supp.2d 446, 458–59 (S.D.N.Y.1999)…………………………………………….4

Williams v. County of Orange,
    No. 03 CIV 5182(LMS), 2005 WL 6001507, at *3 (S.D.N.Y. Dec. 13, 2005)…………5

Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.,
    118 F.3d 955, 961 (2d Cir.1997)……………………………………………………  5
.
**RULES**

Federal Rules of Civil Procedure  37……………………………………………………………4,5

Federal Rules of Civil Procedure  26…………………………………………………………….4,5

3

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The relevant facts and procedural history are respectfully set forth in Plaintiff's counsel's accompanying declaration submitted in support of this instant motion, as well as the papers submitted in Plaintiff's pre-conference letters to the Court (ECF No. 86 and 87).

**LEGAL STANDARDS**

Fed. R. Civ. P. 37(c)(1) is the primary method by which courts can sanction parties who fail to comply with Fed. R. Civ. P. 26(a) disclosures. The Court may, on motion and after an opportunity to be heard, impose appropriate sanctions if a party fails, without substantial justification to (1)Make pretrial disclosures under Rule 26(a)(3); and (2) Make supplemental disclosures as required by Rule 26(e)(2).[1] The purpose of Rule 37(c) is to prevent the practice of "sandbagging" an adversary with new evidence. Ebewo v. Martinez, 309 F.Supp.2d 600, 607 (S.D.N.Y.2004); Johnson Electric North America Inc. v. Mabuchi Motor America Corp., 77 F.Supp.2d 446, 458–59 (S.D.N.Y.1999).

The Court, if finding that a party failed, without substantial justification, to provide documents as required by the aforementioned Rules, may impose sanctions including, but not limited to, (1)the payment of reasonable attorney fee's caused by the failure; (2) precluding the use as evidence at trial, at a hearing, or an a motion of any witness or information not disclosed in accordance with Rule 26(a); and (3) informing the jury the jury of the parties failure to disclose, unless the failure is harmless.

Courts may not impose sanctions pursuant to Rule 37 (c)(1) where a party's failure

---

[1] The list of sanctions is not meant to be exhaustive but to only demonstrate that the remedies that are available are within the power of the Court.

4

to comply was "substantially justified" or harmless. "Harmless[ness]" means an absence of prejudice to the defendant. See Williams v. County of Orange, No. 03 CIV 5182(LMS), 2005 WL 6001507, at *3 (S.D.N.Y. Dec. 13, 2005).  "Substantial justification" may be demonstrated where "there is 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request,' or 'if there exists a genuine dispute concerning compliance.' " AIG Global Asset Management Holdings v. Branch et al., No. 04Civ.8803 (RMB)(THK), 2005 WL 25494, at *1 (S.D.N.Y. Feb. 18, 2005) (quoting Jockey Int'l, Inc. v. M/V "Leverkusen Express", 217 F.Supp.2d 447, 452 (S.D.N.Y.2002)).  The party that fails to comply with Rule 26(a) or (e) bears the burden of proving both that its non-compliance was substantially justified.  See American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y.2002), and that it was harmless.[2]

In determining whether preclusion or another sanction would be appropriate, courts should consider: "(1) the party's explanation for the failure to comply with the discovery [requirement]; (2) the importance of ... the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Medical & Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir.1997).

Requiring a party,  that has not complied with its discovery obligations to pay the reasonable fees and costs incurred by the moving party is one of  "the mildest' of the sanctions authorized by Rule 37.  See, generally, Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir.1979).

---

[2] For Harmless see, Design Strategies, Inc. v. Davis, 367 F.Supp.2d 630, 635(S.D.N.Y.2005), aff'd, 469 F.3d 284.
5

**ARGUMENT**

**I.       Defendant's failure to provide the Radio Run cannot be justified and it is not harmless.**

On February 15, 2022, the last day of fact discovery, Defendants provided the SPRINT report ("Report" or "Radio Run") that was created on December 15, 2019. This Report, a standard document that is created in *every* arrest, was initially Ordered to be disclosed as a requirement of the City's participation in the Mediation Program under Local Rule 83.10. Though Defendants' were aware that this Report existed, and even used the contents of this Report as a basis to argue that Defendant's had probable cause for the arrest, they inexplicably failed to produce the Report until *after* depositions were completed. Consequently, Plaintiff requests that the Report be precluded at trial and Defendant provide fees to Plaintiff for having to bring this instant motion.

There is no reasonable argument that would justify Defendant's failure to properly disclose the Report. Defendants were aware of the Report's existence, Defendants were ordered to produce the Report, and it is a standard Report that is created during every arrest. In addition, it is disturbing that the Report was disclosed *the same day* after the Court denied a motion to extend fact discovery – solely so Defendants could utilize the Report in their motion for summary judgment and to advance their case at trial.

Defendants have repeatedly argued that the information on the Report, specifically a statement from an unknown person that "the driver in the Nissan was intoxicated," was a part of the basis for Defendant' to have probable cause. (See, ECF No. 27 and ECF No. 87]. With their late disclosure, they have denied the opportunity for Plaintiff to question any of the individual Defendants' concerning the contents of the Report- as it relates to probable cause,

6

the timeline of the events of the Report, whether the Officers knew contemporaneously about the Report, and even simply an explanation of the contents of the Report.

The ability to have an explanation of the contents of the Report is a prejudice that cannot be overstated.  The Report is written mostly in code, and few portions are easily decipherable.  Generally, these sections are problematic as it is not clear who is communicating, whom they are communicating with, and how the event is labeled. These questions would, of course, have been asked of each individual officer.

Moreover, central to any probable cause analysis is the information the Officer knew at the time of the arrest. Because Plaintiff has been deprived of the opportunity to ask each Officer whether they were aware of the contents of the Report, it is currently unknown how each Defendants would answer that question at trial.

II. **Defendant's Failure To Provide The Medical Treatment Form Cannot Be Justified And Is Not Harmless**

Defendant's have completely failed to provide the Medical Treatment Report ("MTR") of Plaintiff, as specifically requested in Plaintiff's First Set Of Document Requests and Interrogatories submitted June 08, 2021 and again requested verbally post deposition on February 11, 2022 and in writing February 13, 2022.  The first time Plaintiff became aware of this document's existence was on February 11, 2022 after the Deposition of Officer Hernandez. Consequently, Plaintiff is requesting the Court inform the jury of the Defendant's failure to disclose the MTR, and fees to Plaintiff for bringing the instant motion.

Defendants knew or should have known, that this document existed.  They were explicitly requested by Plaintiff and Defendant knew that Plaintiff received medical treatment and was taken to the hospital.  Upon information and belief, these documents are created whenever an inmate receives medical treatment.

7

Further, the failure to provide the document is not harmless.  Defendant has argued that Plaintiff was "medically cleared" by the Doctor while Plaintiff argued he received substandard treatment due to the arrest.  This document would provide illumination on that discrepancy.  Moreover, Defendants are arguing that Plaintiff's physical condition was due to intoxication and not as a result of the injuries he suffered in a car accident.  This document would show documentation that Defendant's knew of Plaintiff's physical injuries due to the accident and should have factored it in their probable cause analysis.

Plaintiff proposes the following language be given to the Jury:

> *Under our Rules, Officer Hernandez has an obligation to disclose all the documents he prepared, including the Medical Treatment Form, to the Plaintiff Mr. Williams. Officer Hernandez failed to follow the rules and disclose the documents.  Therefore, you are allowed to infer, but not required to, that the document was not disclosed because it contains information that contradicts Officer Hernandez's testimony.*

## CONCLUSION

Plaintiff respectfully requests the Court grant the relief requested in the Notice of Motion and for any other relief the Court deems just and proper.

Dated:   New York, New York
        April 06, 2022

By:   /s/ Masai I. Lord
Masai I. Lord
14 Wall St., Ste 1603
New York, New Yornk 10005
Phone: 718-701-1002

8