Docket No. 20-CV-05995 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARFIELD ANTHONY WILLIAMS,

                             Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER OSCAR HERNANDEZ, POLICE OFFICER JOSEPH OTTAVIANO, and DETECTIVE RUBEN LEON,

                             Defendants.

# MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: William T. Gosling*

*Tel: (212) 356-2384*

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................... 1

    POINT I ............................................................................................................ 1

        PLAINTIFF IS NOT ENTITLED TO SANCTIONS
        REGARDING THE SPRINT REPORT ...................................................... 1

    POINT II ........................................................................................................... 4

        PLAINTIFF IS NOT ENTITLED TO SANCTIONS
        REGARDING THE MEDICAL TREATMENT OF
        PRISONER FORM .................................................................................... 4

CONCLUSION ...................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                               **Page(s)**

Design Strategy, Inc. v. Davis,
    469 F.3d 284 (2d Cir. 2006) .................................................................................... 1

Hein v. Cuprum,
    53 F. App'x 134 (2d Cir. 2002) ............................................................................ 1,2

Newman v. GHS Osteopathic, Inc.,
    60 F.3d 153 (3d Cir. 1995) ...................................................................................... 2

Olutosin v. Gunsett,
    14-CV-00685 (NSR), 2019 U.S. Dist. LEXIS 189289 (S.D.N.Y. Oct. 31,
    2019) ........................................................................................................................ 2

Patterson v. Balsamico,
    440 F.3d 104 (2d Cir. 2006) .................................................................................... 2

Residential Funding Corp. v. DeGeorge Fin. Corp.,
    306 F.3d 99 (2d Cir. 2002) ...................................................................................... 5

Williams v. County of Orange,
    No. 03-CV-5182 (LMS), 2005 U.S. Dist. LEXIS 46051 (S.D.N.Y. Dec. 13,
    2005) ........................................................................................................................ 1

**Other Authorities**

FED. R. CIV. P. 37(c)(1) ................................................................................................ 1, 2

# ARGUMENT

## POINT I

### PLAINTIFF IS NOT ENTITLED TO SANCTIONS REGARDING THE SPRINT REPORT

Plaintiff's motion for sanctions pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure to preclude the Sprint Report ("radio run") should be denied because any delay in producing the radio run was harmless.

Out the outset, plaintiff's motion for sanctions should be denied for the failure to comply with Your Honor's Individual Rule C.3. and Local Civil Rule 37.2, concerning any discovery dispute. The first-time plaintiff informed defense counsel that the radio run remained outstanding was on February 11, 2022, after the last deposition of the defendants[1] was conducted and four-days before the close of discovery. Two days later, on February 13, 2022, plaintiff sent a letter to defendants concerning outstanding discovery. On February 15, 2022, the same date defense counsel received the radio run, it was produced to plaintiff.

A Court may not impose sanctions under Rule 37(c)(1) where the "failure to comply was substantially justified or where the conduct was harmless." FED. R. CIV. P. 37(c)(1). "Harmless means an absence of prejudice to [the opposing party]." Williams v. County of Orange, No. 03-CV-5182 (LMS), 2005 U.S. Dist. LEXIS 46051, at *9 (S.D.N.Y. Dec. 13, 2005). Rule 37(c)(1) preclusion sanctions are not automatic. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2d Cir. 2006). Although Rule 37(c)(1) is "written in mandatory terms," the imposition of sanctions for abuse of discovery is "a matter within the discretion of the trial court." Hein v. Cuprum, 53 F.

---

[1] Plaintiff did not mention any outstanding discovery after three depositions were conducted in this case.

App'x 134, 136 (2d Cir. 2002) (citing Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995). "Preclusion, however, is a 'drastic remedy and should be exercised with discretion and caution.'" Olutosin v. Gunsett, 14-CV-00685 (NSR), 2019 U.S. Dist. LEXIS 189289, at *11 (S.D.N.Y. Oct. 31, 2019). The Second Circuit has identified several factors the Court should apply when considering whether the preclusion of evidence is appropriate under Rule 37(c)(1): "(1) the party's explanation for the failure to comply with its disclosure obligations; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006). Here, the factors weigh heavily against imposing sanctions against defendants.

The first factor weighs against sanctions because newly assigned defense counsel had no reason to believe that any discovery was outstanding. The undersigned was the third attorney assigned to this case and filed the application to substitute attorney on November 30, 2021. (ECF No. 65.) Despite numerous meet and confers between counsel and numerous status letters addressed to the Court regarding the status of discovery, plaintiff's counsel never informed newly assigned defense counsel that any of his discovery request were outstanding. (See ECF No. 69; See also ECF No. 77.) Had plaintiff alerted newly assigned defense counsel that discovery was outstanding, counsel would have investigated the matter and sent the report upon receipt—which is what was done here. Plaintiff informed defense counsel that the radio run was outstanding for the first time after the last deposition was conducted on February 11, 2022 and plaintiff sent a written request on February 13, 2022, for the radio run. (ECF No. 94, Exhibit C.) On February 15, 2022, defense counsel received the radio run and acted promptly in produced it to plaintiff that same day.

2

The second factor—the importance of the precluded evidence—also weighs against imposing sanctions. The radio run is important to the extent that it describes observations that others made—not defendants—concerning the plaintiff's conduct after the accident. The radio run also provides a timeline of when officers responded to the incident. Thus, the importance of the radio run weighs against preclusion.

The third factor—the prejudice suffered by the opposing party—also weighs against imposing sanctions. Plaintiff was not prejudiced by not receiving the radio run in advance of the defendants' depositions because the defendants never reviewed the radio run, the defendants did not make the radio run, and the defendants did not answer the call to 911. Moreover, plaintiff was aware that the other driver involved in the car accident reported to police that plaintiff was intoxicated because he received body camera footage from defendants, which depicted the other driver reporting to Officer Ottaviano that plaintiff was "fucked up and stumbling." Plaintiff had the body camera footage in his possession since July 16, 2021, well in advance of the depositions. Plaintiff never informed defense counsel that discovery was outstanding or that he would not proceed with depositions without the radio run. Had plaintiff alerted counsel that discovery was outstanding, as mentioned above, counsel would have investigated the matter and promptly produced the radio run upon receipt. Importantly, plaintiff's counsel did ask the officers how they came to respond to the incident, their observations and what was reported to them. Accordingly, the third factor weighs against imposing sanctions against defendants because there was no prejudice suffered to plaintiff in not having the radio run prior to defendants' depositions.

Pursuant to the fourth factor—the possibility of a continuance—there is no trial date currently set and the Court has discretion to reopen discovery of the defendants for plaintiff to ask

defendants questions, although plaintiff previously did, concerning information regarding the radio run.

Contrary to plaintiff's assertions, the radio run was not in defense counsel's possession until February 15, 2022. Once plaintiff alerted defense counsel that discovery was outstanding, defendants, promptly produced the radio run to plaintiff on February 15, 2022. Plaintiff is incorrect that a radio run is a standard document that is created in every arrest. Plaintiff incorrectly states that defense counsel relied on and quoted the radio run in their statement addressed to the Court dated April 15, 2021 at. ECF No. 27-1. Defendants did not quote the language from the radio run because it was not in our possession at that time. Rather, Defendants noted that Officers responded to a motor vehicle accident and possible DWI. For the reasons explained above, the Court should deny plaintiff's motion for sanctions to preclude the radio run.

## POINT II

### PLAINTIFF IS NOT ENTITLED TO SANCTIONS REGARDING THE MEDICAL TREATMENT OF PRISONER FORM

The NYPD conducted a search for the medical treatment document, but the document could not be located[2]. (*Exhibit A*, Affidavit of Sergeant Christopher Brutting.) An adverse inference is not applicable in this case because the medical treatment of prisoner form is not relevant to any claim or defense and defendants did not act with the culpable state of mind in failing to preserve it.

A court may grant an adverse inference instruction for the non-production of evidence when "(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a culpable state of mind;

---

[2] A medical treatment form notes the injuries of a prisoner, and that document follows the prisoner in custody.

and (3) that the missing evidence is relevant to the . . . claim or defense [of the other party] such that a reasonable trier of fact could find that it would support that claim or defense." <u>Residential Funding Corp. v. DeGeorge Fin. Corp.</u>, 306 F.3d 99, 107 (2d Cir. 2002).

Because plaintiff does not allege any physical injury in connection with his arrest, (*Exhibit B* at 103:2-8.), the contents of the medical treatment form bear no relevance to any claim or defense. Moreover, to the extent plaintiff now claims a discrepancy between "substandard" medical treatment and being medically cleared, the Ambulance Call Report and Jacobi Medical Records are most responsive and were produced during discovery. Significantly, the plaintiff refused to submit to a breathalyzer or a blood test for alcohol. (*Exhibit C*, Intoxication Driver Report.) Thus, it does not appear any record would conclusively reflect whether plaintiff was or was not intoxicated. Accordingly, the Court should deny plaintiff's motion for an adverse inference of the medical treatment form because the contents of the form do not in any way relate to any claim or defense—whether there was probable cause to arrest plaintiff. Accordingly, an adverse inference is inappropriate in this case.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny plaintiff's motion for sanctions in its entirety.

Dated: New York, New York
April 27, 2022

        HON. SYLVIA O. HINDS-RADIX
        Corporation Counsel of the
        City of New York
        *Attorney for Defendants*
        100 Church Street
        New York, New York 10007
        (212) 356-2384
        By: *William T. Gosling* /S
            William T. Gosling
            *Assistant Corporation Counsel*

TO:     <u>VIA ECF</u>
Masai Lord, Esq.
*Attorney for Plaintiff*
Lord Law Group PLLC
14 Wall Street, Suite 1603
New York, NY 10005