Docket No. 20-CV-05995 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARFIELD ANTHONY WILLIAMS,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
OSCAR HERNANDEZ, POLICE OFFICER JOSEPH
OTTAVIANO, and DETECTIVE RUBEN LEON,

Defendants.

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: William T. Gosling*

*Tel: (212) 356-2384*
*Matter No.: 2020-026925*

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | II |
| PRELIMINARY STATEMENT | | 1 |
| I. | DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT. | 1 |
| II. | PLAINTIFF'S FALSE ARREST CLAIM FAILS AS A MATTER OF LAW. | 2 |
| III. | DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY | 6 |
| IV. | THE FAILURE TO INTERVENE CLAIM SHOULD BE DISMISSED | 7 |
| V. | PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED | 8 |
| CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Pages**

Aguilera v. Cty. of Nassau,
   453 F. Supp. 2d 601 (E.D.N.Y. 2006) ................................................................................5

Calixto v. City of New York,
   778 Fed. Appx. 59 (2d Cir. 2019) .......................................................................................7

Deshawn E. by Charlotte E. v. Safir,
   156 F.3d 340 (2d Cir. 1998) ................................................................................................8

Feinberg v. City of New York,
   No. 99-CV-12127 (RCC), 2004 U.S. Dist. LEXIS 16098
   (S.D.N.Y. Aug. 13, 2004) ....................................................................................................7

Garcia v. Hartford Police Dep't,
   706 F.3d 120 (2d Cir. 2013) ................................................................................................3

Gatling v. West,
   850 F. App'x 91 (2d Cir. 2021) .......................................................................................5, 7

Gottileb v. Cnty. Of Orange,
   84 F.3d 511 (2d Cir. 1996) .............................................................................................2, 3

Holland v. City of New York,
   197 F. Supp. 3d 529 (S.D.N.Y. 2016) .................................................................................7

Hudson v. Palmer,
   468 U.S. 517 (1984) ............................................................................................................9

Jaegly v. Couch,
   439 F.3d 149 (2d Cir. 2006) ................................................................................................2

Jimenez v. City of New Rochelle,
   No. 19-CV-2525 (VB), 2021 U.S. Dist. LEXIS 59735
   (S.D.N.Y. Mar. 29, 2021) ....................................................................................................7

Kirby v. Illonois,
   406 U.S. 682 (1972) ............................................................................................................8

Lyons v. Lancer Ins. Co.,
   681 F.3d 50 (2d Cir. 2012) ..................................................................................................3

Malley v. Briggs,
   475 U.S. 335 (1986) ............................................................................................................7

| **Cases** | **Pages** |
|---|---|
| Marino v. Ameruso,<br>    837 F. 2d 45 (2d Cir. 1988) | 9 |
| Meadows v. Kuhlmann,<br>    812 F.2d 72 (2d Cir. 1987) | 8 |
| People v. Blake,<br>    35 N.Y. 2d 331 (1974) | 8 |
| Robertson v. Wells Fargo Bang,<br>    N.A., No. 3:14-cv-01861, 2017 U.S. Dist. LEXIS 8742<br>    (D. Conn. Jan. 23, 2017) | 3 |
| Saucier v. Katz,<br>    533 U.S. 194 (2001) | 7 |
| Torraco v. Port Auth. Of N.Y. and N.J.,<br>    615 F.3d 129 (2d Cir. 2010) | 2 |
| Wekenmann v. Erie Cty. Sheriff's Off.,<br>    No. 19-CV-1572 (GWC), 2021 U.S. Dist. LEXIS 1349<br>    (W.D.N.Y. Jan. 4, 2021) | 5 |
| Welch-Rubin v. Sandals Corp.,<br>    No. 3:03-CV-481 (MRK), 2004 U.S. Dist. LEXIS 22112<br>    (D. Conn. Oct. 20, 2004) | 2 |
| Zeller v. Summerlin,<br>    494 F.3d 344 (2d Cir. 2007) | 7 |

**Statutes**

| | |
|---|---|
| Fed. R. Civ. P. 56(c) | 3 |
| Fed. R. Civ. P. 56(c)(2) | 3 |
| Fed. R. Civ. P. 56(c)(4) | 3 |
| Fed. R. Civ. P. 56(e) | 3 |

| **Statutes** | **Pages** |
|---|---|
| Fed. R. Civ. Pro. 8 | 8 |
| Fed. R. Civ. Pro. 12 | 5 |
| Local Civil R. 56.1 | 1, 3 |
| Local Civil R. 56.1(d) | 3 |

## PRELIMINARY STATEMENT

The undisputed evidence warrants summary judgment. Plaintiff's false arrest claim fails because there was probable cause for his arrest. Defendants made personal observations that revealed, based on their training and experience, that they believed plaintiff appeared intoxicated at the accident scene before plaintiff's arrest. The plaintiff was involved in a car accident while driving on the Bronx River Parkway. The Accident Report shows that the accident involved two vehicles; the damage sustained to the plaintiff's vehicle was only in the front of the plaintiff's car, while the damage sustained to the other vehicle was all in the back, clearly showing that the plaintiff's vehicle hit the other vehicle. Plaintiff's eyes were bloodshot, he was unbalanced on his feet, and the officers smelled a moderate odor of alcohol on his breath. There was probable cause to arrest the plaintiff. Moreover, defendants should be entitled to qualified immunity because at a minimum there was arguable probable cause to arrest plaintiff for suspicion of DWI. Plaintiff does not oppose the municipal liability claim, so the Court should dismiss any purported claim. Plaintiff's state law claims are insufficiently pled and fail as a matter of law. There is no evidence that Plaintiff invoked his right to counsel or that his right to counsel was violated. Plaintiff abandoned his car for 300 days after he was provided notice for how to retrieve his property. There is no underlying tort; therefore, no basis for respondeat liability. Accordingly, the Court should grant the defendants' motion for summary judgment.

## I. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT.

Plaintiff's additional facts in response to the Local Civil R. 56.1 are not material to what the officers knew at the time of the plaintiff's arrest. The defendants were not aware that the plaintiff was allegedly coming from work[1] or what plaintiff's occupation was. Defendants were unaware if

---

[1] Plaintiff testified that he changed his clothes before leaving work. (Defendants *Exhibit A* at 26:17-27:2.) Thus, plaintiff was not in any work uniform at the time of the accident.

the plaintiff had a work locker or what type of drug policy his employer had. And the defendants did not know where the plaintiff was driving to because as plaintiff admits he refused to provide a statement to the police and did not cooperate in the investigation into the accident. The undisputed evidence shows that the plaintiff got into a car accident while driving Southbound on the Bronx River Parkway[2] and after the accident plaintiff's friend shows up at the scene, plaintiff goes inside his friend's vehicle, plaintiff calls his best friend to the scene who happened to be a lawyer, and plaintiff refuses to talk with police about the accident.

It is also undisputed that the plaintiff refused to take a blood alcohol test. Plaintiff's additional facts are unsupported and nothing more than conclusory allegations which are not sufficient to overcome summary judgment. "At the summary judgment stage of the proceeding, [a plaintiff is] required to present admissible evidence in support of [their] allegations; allegations alone, without evidence to back them up, are not sufficient." Welch-Rubin v. Sandals Corp., No. 3:03-CV-481 (MRK), 2004 U.S. Dist. LEXIS 22112, *4 (D. Conn. Oct. 20, 2004) (citing Gottileb v. Cnty. Of Orange, 84 F.3d 511, 518 (2d Cir. 1996). Accordingly, based on the undisputed evidence the Court should grant defendants' motion for summary judgment because there was probable cause to arrest the plaintiff for suspicion of driving under the influence.

## II. PLAINTIFF'S FALSE ARREST CLAIM FAILS AS A MATTER OF LAW.

As argued in defendants' memorandum of law, plaintiff's false arrest claim fails because there was probable cause for his arrest based on the personal observations made by the officers. Probable cause is a complete defense to a false arrest claim. Torraco v. Port Auth. Of N.Y. and N.J., 615 F.3d 129, 139 (2d Cir. 2010) (citing Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006)).

---

[2] The speed limit on the Bronx River Parkway is 50 mph.

In opposition, plaintiff attempts to dispute the officers' observations by attaching an affidavit of Celia Burgos. The Court should not consider the affidavit because this evidence was never produced to defendants as part of discovery and therefore is inadmissible pursuant to Local Civil Rule 56.1. Local Civil Rule 56.1(d) requires "[e]ach statement by the movant or opponent. . . including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c). LOCAL CIVIL R. 56.1(d). Affidavits or declarations can be used to oppose a motion but only when they set out facts that would be admissible in evidence. FED. R. CIV. P. 56(c)(4). "In order to defeat a summary judgment motion that is properly supported by affidavits, depositions, and documents as envisioned by Fed. R. Civ. P. 56(e), the opposing party is required to come forward with materials envisioned by the Rule, setting forth specific facts showing that there is a genuine issue of material fact to be tried." Robertson v. Wells Fargo Bang, N.A., No. 3:14-cv-01861, 2017 U.S. Dist. LEXIS 8742, *21 (D. Conn. Jan. 23, 2017) (quoting Gottileb, 84 F.3d at 518.) It is well settled that a Court may consider only evidence that is admissible at trial. Garcia v. Hartford Police Dep't, 706 F.3d 120, 127 (2d Cir. 2013) (holding submission in opposition to (or in support of) summary judgment need be considered only to extent that it would have been admissible at trial); Lyons v. Lancer Ins. Co., 681 F.3d 50, 57 (2d Cir. 2012) (citing Fed. R. Civ. P. 56(c)(2) in stating that, in ruling on motion for summary judgment, court may rely on any material that would be admissible at a trial).

Here, the Affidavit of Celia Burgos is inadmissible hearsay. Moreover, this affidavit was never produced as part of discovery and therefore should not be admissible. The first-time defendants ever received the affidavit of Celia Burgos was in opposition to defendants' motion for summary judgment. Defendants' interrogatory specifically asked plaintiff to "identify all those who witnessed, were present at, or have knowledge of the incident." (Reply Declaration of William T.

Gosling, *Exhibit P*.) Plaintiff's Interrogatory Responses received by defendants on or about November 5, 2021[3], did not identify Celia Burgos as someone who witnessed, were present at, or had knowledge of the incident." (*Exhibit P*) Plaintiff only identified Celia Burgos on February 15, 2022, the last day of discovery at 10:19 P.M., depriving the defendants of any meaningful opportunity to depose or inquire into what information was known by this individual. Accordingly, defendants respectfully submit that the Court should reject the affidavit of Celia Burgos and preclude Ms. Burgos as a witness due to the untimely disclosure that was made 1 hour and 40 minutes before the close of discovery.

Defendants' personal observations support a finding that probable cause existed prior to plaintiff's arrest. Police Officer Ottaviano testified that when he arrived on the scene he spoke with plaintiff while he was sitting in the back of a vehicle. (Declaration of William T. Gosling, *Exhibit G* at 42:12-44:24.) At the time of arrest, Officer Ottaviano observed plaintiff to have an odor of alcohol on his breath, slurred speech, and his eyes were bloodshot, watery. (*Exhibit G* at 50:8-19.) Officer Hernandez spoke with an officer from ESU who informed him that plaintiff seemed to be impaired, (*Exhibit F* at 44:4-24), and he also made his own observations of intoxication such as bloodshot watery eyes prior to plaintiff's arrest. (Exhibit F at 53:23-54:12.) Based on the officers' observations, there was probable cause to arrest plaintiff for suspicion of DWI because plaintiff was just in a car accident and presented with multiple signs of intoxication. Additionally, the Accident Report shows that the accident involved two vehicles; the damage sustained to the plaintiff's vehicle was only in the front of the plaintiff's car, while the damage sustained to the other vehicle was all in the back, showing that the plaintiff's vehicle hit the other vehicle. Other than self-serving testimony and self-serving complaints to EMS, Plaintiff has provided no evidence

---

[3] Plaintiff did not provide a date on his responses to defendants' interrogatory and document request.

to support that the car accident involved a third vehicle. Nor did the other driver assert that the accident involved three vehicles. Accordingly, the false arrest claim should be dismissed because there was probable cause to arrest the plaintiff.

Plaintiff's reliance of <u>Gatling</u> is distinguishable. <u>Gatling v. West</u>, 850 F. App'x 91 (2d Cir. 2021). In <u>Gatling</u> there was a dispute whether the vehicle pulled over by the police was the same vehicle reported to 911 as "driving erratically." <u>Id.</u> at 94. Here, it is undisputed that the plaintiff was involved in a car accident while driving on the Bronx River Parkway. In <u>Gatling</u>, the driver did not get into a car accident, whereas in this case the plaintiff was involved in an accident hitting another vehicle. In <u>Gatling</u>, the court found a dispute about whether the driver was intoxicated based on evidence and testimony that plaintiff passed five sobriety test. <u>Id.</u> Here, there were no field sobriety test conducted and plaintiff, with advice from counsel, refused to take a blood alcohol test. Therefore, plaintiff's reliance of *Gatling* is misplaced.

The other cases cited by plaintiff are all clearly distinguishable from this case. For example, <u>Aguilera v. Cty. of Nassau</u> was a Rule 12 motion, where the court must consider the facts in the pleadings as true, it was alleged that one of the officers commented at the scene that the plaintiff appeared to be having a stroke. 453 F. Supp. 2d 601, 607-608 (E.D.N.Y. 2006). <u>Wekenmann v. Erie Cty. Sheriff's Off.</u>, also a Rule 12 motion, the pleadings alleged that plaintiff passed a number of field sobriety test and a "Alco-Sensor Test", which is clearly distinguishable here as no sobriety test were conducted and plaintiff refused the blood alcohol test. No. 19-CV-1572 (GWC), 2021 U.S. Dist. LEXIS 1349, *1 (W.D.N.Y. Jan. 4, 2021). Moreover, <u>Wekenmann</u> did not make any genuine issues of fact determination because the motion was a Rule 12 motion. <u>Id.</u> Thus, plaintiff's cited cases are clearly inapplicable.

For the reasons stated herein, and those set forth in Defendants' Motion of Summary Judgment, the Court should dismiss the false arrest claim because there was probable cause to arrest plaintiff after he was involved in a car accident and presented with signs of intoxication.

### III. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

At a minimum, there was arguable probable cause to arrest plaintiff. Plaintiff broadly argues that defendants are not entitled to qualified immunity because there is an issue of fact as to whether it was "unreasonable in concluding probable cause." (See ECF No. 99 at 18.) Yet plaintiff does not point to a single case with the same facts presented here demonstrating that police officers violated an individual's constitutional rights if they arrest a driver for suspicion of DWI after a car accident and the officers observed multiple signs of intoxication by that driver at the time of arrest.

Plaintiff argues that a medical professional deemed plaintiff not intoxicated. This argument is misleading. First, it is undisputed that the plaintiff refused a blood alcohol test. Thus, there is no evidence as to whether plaintiff was or was not under the influence of alcohol at the time of his arrest. The medical records state "not clinically intoxicated" (See Plaintiff's Exhibit J, at 3.) However, the medical records reflect that plaintiff's examination at the hospital was done at approximately 8:30 A.M., more than eight hours after the car accident. Plaintiff is incorrect that the medical records conclude that plaintiff was not intoxicated because a clinical evaluation is not a blood test for alcohol. Additionally, "[i]n many cases, symptoms of intoxication will gradually decrease as alcohol is metabolized and eliminated from a person's system." ELIZABETH HARTNEY, BSC, MSC, MA, PHD, MEDICALLY REVIEWED BY JOHN C. UMHAU, MD, MPH, CPE, *What is Intoxication?* https://www.verywellmind.com/what-is-intoxication-22219 (last visited May 10, 2022). Thus, the evaluation by the doctor eight hours after the accident do not create an issue of fact as to what observations the officers made at the time of arrest because it is medically proven that symptoms of intoxication decrease over time.

It is not clearly established that the officers' actions here violated plaintiff's constitutional rights and thus qualified immunity should apply for the individual defendants. And as explained above, plaintiff's reliance on *Gatling* is distinguishable from the facts in this case. It was objectively reasonable for the officers with the facts presented to them at the time of plaintiff's arrest to believe that the plaintiff appeared intoxicated which caused the car accident. Moreover, "if officers of reasonable competence could disagree' as to whether probable cause existed," that is, whether arguable probable cause exists, "immunity should be recognized." Zeller v. Summerlin, 494 F.3d 344, 367 (2d Cir. 2007) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986). Accordingly, as set forth in defendants' moving papers qualified immunity clearly applies.

## IV. THE FAILURE TO INTERVENE CLAIM SHOULD BE DISMISSED

Because the arrest was supported by probable cause, the Court should also dismiss any purported failure to intervene claim. Feinberg v. City of New York, No. 99-CV-12127 (RCC), 2004 U.S. Dist. LEXIS 16098, *12 (S.D.N.Y. Aug. 13, 2004) ("If the Court determines that an officers conduct did not violate a constitutional right, however, the analysis ends.") citing Saucier v. Katz, 533 U.S. 194, 201 (2001). Moreover, even if the Court found that arguable probable cause existed to arrest the plaintiff, the failure to intervene claims are subject to dismissal. See Calixto v. City of New York, 778 Fed. Appx. 59, 60-61 (2d Cir. 2019); Jimenez v. City of New Rochelle, No. 19-CV-2525 (VB), 2021 U.S. Dist. LEXIS 59735, * (S.D.N.Y. Mar. 29, 2021) (holding that because "the arresting officer had at least arguable probable cause to arrest [plaintiff]," the "failure to intervene" by a different officer, who was present at the scene, "was also objectively reasonable.") citing Holland v. City of New York, 197 F. Supp. 3d 529, 549 (S.D.N.Y. 2016) (holding that qualified immunity applied "equally" to defendants who allegedly failed to intervene in the underlying constitutional violation "because they too would not have reasonably known that

7

[plaintiff's] constitutional rights were being violated"). Accordingly, the Court should also dismiss any purported failure to intervene claim.

## V. PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

Plaintiff fails to address the inadequate pleadings of the Complaint as argued by defendants in their motion for summary judgment. Instead, plaintiff broadly argues that the Court should maintain jurisdiction over the state law claims even though the First Amended Complaint lacks any facts sufficient to support any state law claims for a violation of due process rights or a violation of right to counsel. In fact, the complaint does not even allege that plaintiff's right to counsel was violated. See ECF No. 33. Also, the First Amended Complaint does not assert any facts pertaining to a violation of due process rights based on plaintiff's property. Accordingly, the Court should dismiss all purported state law claims for insufficient pleadings under Rule 8. FED. R. CIV. PRO. 8.

Notwithstanding, with respect to the unpled right to counsel claim there is no evidence that the Plaintiff asserted his right to counsel or that defendants violated plaintiff's right to counsel. Kirby v. Illonois, 406 U.S. 682, 688 (1972) (Sixth Amendment right to counsel does not attach until "the time that adversary judicial proceedings have been initiated.). The Court looks to state law to determine when the adversarial judicial proceedings were initiated. Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 349 (2d Cir. 1998). New York State Law provides that the right to counsel is initialed by the filing of the accusatory instrument. See People v. Blake, 35 N.Y. 2d 331, 339 (1974). Additionally, the right to counsel attaches "if substantial rights of an accused may be affected by a particular proceeding," Meadows v. Kuhlmann, 812 F.2d 72, 76 (2d Cir. 1987), which, in New York State includes "when a defendant was brought to the scene of a crime by court order, placed in a post-indictment lineup, or compelled to appear before a grand jury." Deshawn E., 156 F.3d at 349 (internal citations omitted). Here, plaintiff was not compelled to appear before

a grand jury, the plaintiff was not brought to the scene of a crime by court order or placed in a post-indictment lineup. Accordingly, any purported sixth amendment right to counsel claim must be dismissed.

Similarly, there is no evidence to support a violation of plaintiff's Fifth Amendment rights. There is no evidence that Plaintiff ever invoked his right to counsel. Moreover, counsel was present at the scene of the accident and at the hospital. There is also no evidence that defendants refused to allow counsel to be present while the plaintiff was under arrest at the hospital because his friend, also lawyer, Eugene Toussaint, was present. In fact, it was plaintiff's attorney who declined the blood alcohol test on behalf of the plaintiff. Accordingly, the Court should dismiss any purported right to counsel claim.

The Court should also dismiss any due process of property claim. As argued above, plaintiff has failed to allege any due process of property claim in the First Amended Complaint. (ECF No. 33.) There is no evidence that the plaintiff suffered any loss of property rights. Instead, the evidence shows that the plaintiff was provided notice of how to retrieve his property back but instead he abandoned his vehicle. (*See Defendants Exhibit L.*) The car was sold by NYPD on November 17, 2020, (Declaration of William T. Gosling, *Exhibit Q*) 300 days after the letter dated January 22, 2020. (*Defendants Exhibit M*) (*Defendants Exhibit N*).

Moreover, if plaintiff's claim is to succeed, plaintiff has failed to allege that the New York State law is in anyway inadequate to address any purported deprivation of property claim. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Marino v. Ameruso, 837 F. 2d 45, 47 (2d Cir. 1988). Accordingly, any purported due process of property claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Defendants' Motion for Summary Judgment, defendants respectfully request that the Court grant their motion for summary judgment together with such cost, fees, and other further relief the Court deems just a proper.

Dated:      May 10, 2022
              New York, New York

                                  **HON. SYLVIA O. HINDS-RADIX**
                                  Corporation Counsel of the City of New York
                                  Attorney for Defendants
                                  100 Church Street
                                  New York, New York 10007

                         By:     *William T. Gosling*
                                  William T. Gosling
                                  Assistant Corporation Counsel

CC:     Masai Lord, Esq. (By ECF)
          *Attorney for Plaintiff*