# EXHIBIT P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X

GARFIELD ANTHONY WILLIAMS,

                  Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

                  Defendants.

------------------------------ X

**PLAINTIFF FIRST RESPONSE TO DFENDANT'S FIRST SET OF INTERROGATORIES ANDREQUEST FOR PRODUCTION OF DOCUMENTS**

       Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3, Plaintiff respectfully submit the response to Defendant's First Set of Interrogatories and Requests for production of documents as follows:

**PLAINTIFF RESPONSE TO DEFENDANT'S INTERROGATORIES**

       1.     Identify all persons who: (a) witnessed, were present at, or have knowledge of the Incident, and (b) witnessed or have knowledge of plaintiff's physical or emotional injuries or damages arising from, or caused or exacerbated by, the Incident. If plaintiff is unable to identify any person within the meaning of Local Civil Rule 26.3, describe each person's physical appearance.

       **OBJECTION TO NO. 1:** Plaintiff objects to the extent the information requested is publicly accessible, and thus equally available to both parties. Plaintiff also objects to the Interrogatory on the basis that it is overbroad and vague

       **RESPONSE:**

     a. Garfield Williams, who can be reached through Counsel and is the Plaintiff.

     b. Eugene Toussaint, 120-46 Queens Blvd, Kew Gardens, NY 11415.

       2.     Identify any person and/or entity, including, but not limited to the media, Civilian Complaint Review Board, NYPD's Office of the Inspector General ("OIG") or Internal

Affairs Bureau, District Attorney, Attorney General, U.S. Attorneys' Office or other law enforcement agency with whom plaintiff, or anyone on plaintiff's behalf, communicated concerningthe Incident.

>**OBJECTION TO NO. 2 :** Plaintiff objects to this interrogatories on the basis that is unreasonably vague, ambiguous, and overbroad. Moreover, this interrogatory requests the identification of documents that are not relevant or proportional to the needs of the case as required by Rule 26 of the Federal Rules of Civil Procedure because it is not tailored to specifically capture information.
>
>**RESPONSE:** Insofar as the Interrogatory requests any law enforcement agency representatives, not including the Police officers at the scene, there are no additional individuals.

3. Identify all documents and communications concerning (a) the Incident, and/or (b) any physical and emotional injuries, and damages that plaintiff claims arose from, or were caused or exacerbated by, the Incident.

>**RESPONSE:** Plaintiff requests an additional 30 days to locate all responsive records.

4. Identify all photographs, video or audio recordings, or their electronic equivalent (images and/or files on any electronic storage device such as cell phones, PDA's, computers) concerning (a) the Incident, and/or (b) any injuries and/or damages arising from, or caused or exacerbated by, the Incident.

>**RESPONSE:** Plaintiff requests an additional 30 days to locate all responsive records.

5. Describe all physical or emotional injuries, ailments, disabilities and pains that plaintiff claims were caused or exacerbated by the Incident, and any condition that is a consequence of each such injury, ailment, disability and pain.

>**RESPONSE:** Plaintiff requests an additional 30 days to locate all responsive

records.

6. Identify any healthcare providers plaintiff saw or received treatment from for injuries identified in paragraph 6 above. If plaintiff did not see or receive treatment from any healthcare provider for any injuries identified in paragraph 6 above so state in writing.

**RESPONSE:** Plaintiff requests an additional 30 days to locate all responsive records.

7. If plaintiff claims that any injury or condition was exacerbated by the Incident, describe that injury or condition, and identify all healthcare providers who saw or treated plaintiff for each such pre-existing injury or condition in the past 10 years.

**RESPONSE:** Plaintiff requests an additional 30 days to locate all responsive records.

8. Provide a computation of each category of economic damages that plaintiff claims were caused, in whole or in part, by the Incident, including without limitation lost income, out-of-pocket expenses, property damage, attorneys' fees, medical or pharmacy expenses, court fees, bail, commissary expenses, and/or travel expenses, and identify all documents upon which plaintiff's computations are based.

**RESPONSE:** Plaintiff requests an additional 30 days to locate all responsive records.

9. If plaintiff is making a claim for lost income, identify all plaintiff's employers for the past 10 years, including the dates of employment.

**RESPONSE:**

a. Young Adult Institute: 2011 – 2019

b. Westchester Medical Center, 2019-2021

10. State whether plaintiff has been arrested on any occasion other than the Incident, and, if so, for each such arrest, provide the State, county or jurisdiction of the arrest, the date of the arrest and the arrest charges.

**RESPONSE:** Plaintiff has never been arrested.

11. State whether plaintiff has been a defendant in a criminal proceeding (felony, misdemeanor or violation) on any occasion other than the Incident, and if so, for each criminal proceeding, provide the State, county, court, case or indictment number, date the prosecution was initiated, and the disposition.

**RESPONSE:** Plaintiff has never been a Defendant in a criminal proceeding.

12. State whether plaintiff has been a party to any lawsuit or administrative proceeding, and, if so, provide the State, court or administrative body, caption, case, docket or index number, the date the lawsuit or proceeding was initiated, and the disposition.

**RESPONSE:** Plaintiff requests an additional 30 days to locate all responsive records.

13. Identify all persons/entities who provided healthcare to plaintiff within the past ten years.

**RESPONSE:** Plaintiff requests an additional 30 days to locate all responsive records.

14. Identify all persons/entities who provided healthcare insurance coverage to plaintiff within the past ten years.

**RESPONSE:** Plaintiff requests an additional 30 days to locate all responsive records.

15. State whether plaintiff has applied for or has received any government benefits, including without limitation, worker's compensation, food stamps, social security disability, Medicare and/or Medicaid, within the past 10 years. If so, identify each person/entity who provided benefits, or to whom plaintiff made an application for benefits, and all applicable claim numbers.

**RESPONSE:** Plaintiff has not received any government benefits from the agencies listed.

16. State whether plaintiff made an application or claim for any disability or no-

fault insurance coverage within the past 10 years. If so, for each application or claim identify the person/entity to whom plaintiff applied for coverage and all claim numbers.

**RESPONSE:** Plaintiff requests an additional 30 days to locate all responsive records.

## DOCUMENT REQUESTS

**PLAINTIFF RESPONSE TO DOCUMENT REQUESTS 1-27:**

As mentioned in the letter to the Court dated July 22, 2021, Plaintiff requires additional time to recover all the documents responsive to Defendant's request. Plaintiff will respond to each request individually in a supplemental document response in 14 days, and at that time, will provide an update on outstanding document requests.

In the interim, Plaintiff has provided supplemental medical records bearing Bates Stamps P000003 – P000013.

Sincerely,

/s/ Masai I. Lord
*Attorney For Plaintiff*