```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
GARFIELD ANTHONY WILLIAMS,                                   :
                                  Plaintiff,                 :
                                                             :          20 Civ. 5995 (LGS)
                 -against-                                   :
                                                             :          **OPINION AND ORDER**
CITY OF NEW YORK, et al.                                     :
                                  Defendants.                :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Garfield Anthony Williams brings this action for false arrest against the City of New York (the "City") and Oscar Hernandez, Joseph Ottaviano and Ruben Leon (the "Individual Defendants"), who are employed by the New York City Police Department ("NYPD"). Hernandez and Ottaviano arrested Plaintiff for driving under the influence of alcohol or drugs following a three-car accident on the Bronx River Parkway. Defendants move for summary judgment on all claims. Plaintiff moves for sanctions relating to two pieces of evidence. For the reasons below, Defendants' motion is granted, and Plaintiff's motion is denied.

**I.    BACKGROUND**

      The following facts are drawn from the parties' Rule 56.1 statements and other submissions on this motion. *See N.Y. State Teamsters Conf. Pension & Ret. Fund v. C & S Wholesale Grocers, Inc.*, 24 F.4th 163, 170 (2d Cir. 2022). The facts are undisputed except as noted. The evidence is construed in the light most favorable to Plaintiff as the non-moving party, and all reasonable inferences are drawn in his favor. *See Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021).

      On December 14, 2019, Plaintiff ended his shift at the Westchester Medical Center around 11:00 P.M. Around 12:08 A.M. on December 15, Plaintiff was involved in a three-car

automobile accident on the Bronx River Parkway. The parties disagree about the cause of the accident, and Plaintiff offers evidence that his vehicle was hit from behind, which caused him to hit another vehicle.

Members of NYPD's Emergency Service Unit ("ESU"), including Defendant Ruben Leon, encountered the accident while returning from another assignment. Upon arriving, Leon observed three cars. One of the vehicles contained two people, a woman, sitting in the driver's seat, and Plaintiff. Leon spoke with the woman, who stated that she was not involved in the accident, but Plaintiff was. Leon requested assistance, and then remained at the site of the accident until Defendant officers Oscar Hernandez and Joseph Ottaviano arrived on the scene.

The parties' versions of what happened next immediately prior to Plaintiff's arrest sharply differ. Defendants offer evidence that when Hernandez arrived, a member of the ESU informed him that one of the drivers involved in the accident appeared to be intoxicated and that another driver had told Ottaviano that Plaintiff was "all fucked up." Defendants also offer evidence that Hernandez and Ottaviano each subsequently concluded that Plaintiff was intoxicated, based on their personal observations of the smell of alcohol on Plaintiff, his slurred speech and bloodshot and watery eyes. Plaintiff offers evidence that he did not speak with the officers prior to his arrest and that he did not display the signs of intoxication cited by Defendants. Plaintiff does not offer evidence to counter that the officers were informed by an ESU member and another driver that Plaintiff appeared to be intoxicated. The parties agree that Plaintiff was arrested for suspicion of driving under the influence and transported to Jacobi Hospital for evaluation of back and neck pain. At the hospital, Plaintiff refused through his attorney to submit to a blood test for alcohol. Plaintiff did not sustain physical injuries as a result of the arrest.

Plaintiff was then released from the hospital and held until the following evening by the NYPD.  Plaintiff's criminal charges were dismissed prior to arraignment because another driver involved in the accident did not cooperate with the investigation.  Although the parties dispute whether Plaintiff received a voucher with instructions to reclaim his vehicle upon release from the precinct, it is undisputed that Plaintiff received a letter from the NYPD with instructions on how to obtain his property.  Plaintiff eventually reclaimed the license plates for his vehicle, but was unable to recover his vehicle.

**II.     STANDARD**

Summary judgment is proper where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Electra v. 59 Murray Enters.*, 987 F.3d 233, 248 (2d Cir. 2021).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Liberty Lobby*, 477 U.S. at 248; *accord Saleem v. Corp. Transp. Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).  Courts must construe the evidence and draw all reasonable inferences in the non-moving party's favor.  *Electra*, 987 F.3d at 248.  When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing to particular parts of materials in the record.  Fed. R. Civ. P. 56(c)(1)(A).

### III. DISCUSSION

#### A. False Arrest (First Claim)

The first claim in the First Amended Complaint ("FAC") alleges false arrest against the Individual Defendants under federal and state law. Summary judgment is granted on this claim because the undisputed facts show that Defendants Hernandez and Ottaviano had probable cause to arrest Plaintiff. The record evidence further shows that Defendant Leon was not present at the scene at the time of Plaintiff's arrest, and in any event, Hernandez and Ottaviano's probable cause is imputed to him.

##### 1. False Arrest under Federal Law

Probable cause provides a complete defense to a false arrest claim. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *accord Aberra v. City of New York*, No. 21 Civ. 1992, 2023 WL 221096, at *1 (2d Cir. Jan. 18, 2023) (summary order). Probable cause exists when police officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021) (internal quotation marks omitted).

It is undisputed that Hernandez and Ottaviano were informed by a member of the ESU and another driver involved in the accident that Plaintiff was intoxicated. Plaintiff offers no evidence disputing that the officers received this information. This undisputed evidence is sufficient to establish probable cause.

As to information from the ESU member, police officers are "entitled to rely on the allegations of fellow police officers." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000); *accord Best v. Merchant*, No. 21 Civ. 779, 2022 WL 17551935, at *8 (S.D.N.Y. Dec. 9, 2022).

*Bernard v. United States*, 25 F.3d 98 (2d Cir. 1994), is instructive.  There, a DEA agent was found to have probable cause to arrest when he "reasonably and in good faith" relied upon another DEA agent's personal observations, even though those observations turned out to be mistaken.  *Id.* at 102; *accord Aberra*, 2023 WL 221096, at *1 ("[P]robable cause exists even where it is based upon mistaken information, so long as the arresting officer was reasonable in relying on that information." (internal quotation marks omitted)).  Here, upon arriving at the scene, Hernandez was informed by another NYPD officer that Plaintiff seemed to be intoxicated.  Plaintiff does not offer any evidence or argument that Hernandez's reliance on this information was unreasonable.  This undisputed evidence is sufficient to support probable cause.  Plaintiff's evidence regarding his sobriety and lack of physical signs of intoxication would, if credited, tend to show that the information Hernandez received was inaccurate, which does not discredit the fact that he had probable cause.

      Plaintiff cites two cases in which the court denied summary judgment on the issue of whether the police had probable cause to arrest a plaintiff for driving while intoxicated.  The cases are distinguishable because in each case, unlike here, there were disputed issues of fact.  *See Bordeau v. Vill. of Deposit*, 113 F. Supp. 2d 292, 298 (N.D.N.Y. 2000) (dispute whether arresting officer relied on information from others); *Bove v. Kennedy*, 899 F. Supp. 114, 115-16 (E.D.N.Y. 1995) (dispute over arresting officer's observation of plaintiff operating the vehicle).  Plaintiff cites two other cases that are also inapt.  *See Wekenmann v. Erie Cnty. Sheriff's Off.*, No. 19 Civ. 1572, 2021 WL 22540, at *3-4 (W.D.N.Y. Jan. 4, 2021) (dismissing false arrest claims as time-barred); *Aguilera v. County of Nassau*, 453 F. Supp. 2d 601, 603 (E.D.N.Y. 2006) (denying motion for judgment on the pleadings due to factual allegations indicating no probable cause, including eyewitness accounts, including by an officer, of the plaintiff's sobriety).

As to police reliance on a statement by another driver, "'[i]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness.' However, the victim-informant must be credible, and can only be relied upon absent circumstances that raise doubts as to the victim's veracity." *McGee v. Doe*, 568 F. App'x 32, 37 (2d Cir. 2014) (summary order) (quoting *Martinez*, 202 F.3d at 634) (cleaned up). Here, another driver involved in the accident informed Ottaviano that Plaintiff was intoxicated. Plaintiff provides no evidence to dispute that Ottaviano received this information, nor does Plaintiff raise doubts about the driver's trustworthiness. The other driver's statement provides an undisputed additional basis to find probable cause for Plaintiff's arrest.

Plaintiff cites *Gatling v. West*, 850 F. App'x 91 (2d Cir. 2021) (summary order), a non-precedential decision, which in any event does not change this result. *Gatling* reversed a grant of summary judgment for false arrest and malicious prosecution claims arising out of an arrest for driving under the influence. *Id.* at 94. After a 911 caller reported a car driving erratically, a state trooper followed the car, initiated a traffic stop and, based on his observations of the driver's condition, arrested her for driving under the influence. *Id.* at 92-93. Issues of fact precluded summary judgment because the plaintiff offered evidence of her sobriety, including that she successfully completed field sobriety tests and lacked any physical signs of intoxication. *Id.* at 93. The arresting officer in *Gatling* relied on no statements from eyewitnesses or other officers, and instead relied entirely on his personal observations. In contrast, Defendants here had probable cause to arrest Plaintiff based on undisputed third party statements, even assuming (as required at summary judgment) that Plaintiff displayed no signs of intoxication.

It is undisputed that Defendant Leon was no longer present at the time of Plaintiff's arrest, and Plaintiff offers no argument as to why Leon should be liable for false arrest. Regardless, under the collective knowledge doctrine, "the knowledge of one [police officer] is presumed shared by all." *Savino v. City of New York*, 331 F.3d 63, 74 (2d Cir. 2003). The information that provided Hernandez and Ottaviano respectively with probable cause is properly imputed to all of the Individual Defendants, similarly providing them a complete defense to the false arrest claim. *See id.* at 74 ("The collective knowledge doctrine provides that, for the purpose of determining whether an arresting officer had probable cause to arrest, where law enforcement authorities are cooperating in an investigation, the knowledge of one is presumed shared by all." (cleaned up)); *accord Best*, 2022 WL 17551935, at *8. Because probable cause existed for the arrest, summary judgment is granted to the Individual Defendants on Plaintiff's federal false arrest claim.

### 2. False Arrest Under State Law

The Individual Defendants are granted summary judgment on the state law false arrest claim for the same reason that the federal claim fails -- Defendants had probable cause to arrest as discussed above. "The existence of probable cause . . . is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (internal quotation marks omitted); *accord Harry v. City of New York*, No. 20 Civ. 5951, 2022 WL 17718339, at *2 (S.D.N.Y. Dec. 15, 2022). Summary judgment is granted to Defendants on the false arrest claim.

### B.     Failure to Intervene (Second Claim)

The FAC's second claim alleges a federal constitutional claim that Defendants Ottaviano and Leon failed to intervene in Plaintiff's false arrest. In his opposition, Plaintiff withdraws this

claim against Leon. "To succeed on a failure-to-intervene claim in connection with a false arrest, the plaintiff is required to show that (1) the officer had reason to know that a citizen was being unjustifiably arrested, and (2) the officer had a realistic opportunity to intervene to prevent the arrest from occurring." *Theodat v. City of New York*, 818 F. App'x 79, 82 (2d Cir. 2020). Summary judgment is granted to Ottaviano on this claim, because, as discussed above, Plaintiff has not established that he was being unjustifiably arrested; there was no wrongful act in which to intervene. *See McIntosh v. City of New York*, 722 F. App'x 42, 46 (2d Cir. 2018) (summary order) (affirming dismissal of false arrest and failure to intervene claims) ("Because there have been no violations of [the plaintiff's] constitutional rights, . . . it necessarily follows that the defendants cannot be liable for their failure to intercede in such non-existent violations."); *Jones v. City of New York*, 169 N.Y.S.3d 662, 667 (2d Dep't 2022) ("Because . . . Detective Grayson had probable cause to arrest the plaintiff, there can be no liability for Detective Ottaka's alleged failure to intervene in, or to prevent, the plaintiff's arrest." (citations omitted)). Summary judgment is granted to Defendants on the failure to intervene claim.

**C. New York Constitutional Violations (Third Claim)**

The FAC's third claim alleges violations of the New York State Constitution against all Defendants, specifically Plaintiff's rights to due process and the right to be free from unreasonable searches and seizures.

To the extent this claim is based on Plaintiff's arrest, the claim is rejected as discussed above. Regardless of how the claim is styled, Individual Defendants are entitled to summary judgment on a claim asserting wrongful arrest because the Individual Defendants had probable cause to arrest Plaintiff. *See People v. Robinson*, 767 N.E.2d 638, 642 (N.Y. 2001) (finding that

the existence of probable cause to stop a driver precluded a violation of the New York Constitution's protection against unreasonable searches and seizures).

Plaintiff's opposition to the motion suggests a due process claim based on the alleged failure to return Plaintiff's car. This claim fails because it is not adequately pleaded in the Complaint, which makes no mention of Plaintiff's vehicle. *See Yelle v. Mount Saint Mary Coll.*, No. 21 Civ. 480, 2022 WL 1715979, at *2 (2d Cir. May 27, 2022) (summary order) ("[The plaintiff] made no attempt below to seek leave to amend his complaint, and he could not simply amend his complaint through his opposition to the [defendant's] motion for summary judgment."); *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 56 (2d Cir. 2018) ("[A] party is not entitled to amend its complaint through statements made in motion papers" (internal quotation marks and emphasis omitted)).[1]

The FAC asserts a claim against the City "under the principle of respondeat superior." "Under the common-law doctrine of respondeat superior, an employer -- including the State -- may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment." *Rivera v. State*, 142 N.E.3d 641, 645 (N.Y. 2019) (citation omitted); *accord Triolo v. Nassau Cnty.*, 24 F.4th 98, 110-11 (2d Cir. 2022) ("New York law is clear that municipalities can be liable for the actions of police officers on false arrest claims under a theory of *respondeat superior*."). Since the Individual Defendants have no underlying liability, the City has no vicarious liability. *See Ferreira v. City of Binghamton*, 975 F.3d 255, 278 (2d Cir. 2020) (finding it "certainly correct" that "a *respondeat superior* claim

---

[1] Similarly, in his memorandum of law in opposition to the motion for summary judgment, Plaintiff argues that "Defendants completely fail to address Plaintiff's right to counsel claim." This claim is not considered because it does not appear in the FAC.

cannot survive unless based on a demonstrated entitlement to recover against its employee"). Summary judgment is granted to all Defendants on the state constitutional claims.

### D. Sanctions

Plaintiff's motion for sanctions is denied. First, Plaintiff seeks to exclude a so-called Sprint Report that was produced late in discovery. This application is denied as moot because the determination that Defendants Hernandez and Ottaviano had probable cause to arrest Plaintiff is based on their receipt of information from another officer and another driver. The Sprint Report is irrelevant to the grant of summary judgment.

Second, Plaintiff seeks a jury instruction permitting an adverse inference regarding a Medical Treatment Report that was not produced. This application is also denied as moot, because Plaintiff's physical condition is irrelevant to the existence of probable cause. Plaintiff's motion for sanctions is denied in full.

\*   \*   \*

For the reasons given above, Defendants' motion for summary judgment is **GRANTED** and Plaintiff's motion for sanctions is **DENIED.**

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 89 and 93 and to terminate the case.

Dated: March 1, 2023
    New York, New York

*[Signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE