**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GARFIELD ANTHONY WILLIAMS,**

                              Plaintiff,

        vs.

**CITY OF NEW YORK, et al.**

                        Defendants.

**20-CV-5995**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT**



LORD LAW GROUP PLLC
14 Wall Street, Suite 1603
New York, NY 10005

On the Brief:

        Masai I. Lord, Esq

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. I

TABLE OF AUTHORITIES ............................................................................................ II

PRELIMINARY STATEMENT ....................................................................................... 1

ARGUMENT2………………………………………………………………………………2

    I.   POLICE OFFICER OTTAVIANO WAS NEVER INFORMED BY THE OTHER DRIVER THAT PLAINTIFF WAS INTOXICATED…………………………………………………………………………...2

       a. *The Statement Was Made Post-Arrest And, Even Utilizing The Fellow Officer Rule, Cannot Be Used As A Basis For The Initial Arrest*…………………..……………………..3

    II.   POLICE OFFICER HERNANDEZ WAS NEVER INFORMED THAT PLAINTIFF WAS INTOXICATED, BUT RATHER THAT HE "SEEMED" INTOXICATED…………………………………………………….3

    III.   OFFICER HERNANDEZ ALLEGEDLY RELYING ON AN UNCERATIN STATEMENT FROM AN UNIDENTIFIED OFFICER FOR PROBABLE CAUSE CANOT BE CONSIDERED REASONABLE AS A MATTER OF LAW……………………………………………………………………………………..4

       a. *How Reliability Was Assessed In Bernard*………………………………………………4

       b. *Distinguishing The Analysis of Reasonable Reliance In Bernard Against The Instant Case*………………………………………………………………………………………5

       c. *The Court's Decision Renders An Arresting Officer's Observations Irrelevant During An Arrest For DWI*…………………………………………………………………………8

    IV.   THE FAILURE TO INTERVENE CLAIM MUST BE REINSTATED IF IT IS DETERMINED THAT THERE WAS NOT PROBABLE CAUSE FOR ARREST……………………………………………………...9

    V.   THOUGH THE SPRINT REPORT AND MEDICAL TREATMENT REPORT MAY BE IRRELEVANT TO THE PROBABLE CAUSE DTERMINATION, SANCTIONS ARE STILL APPROPIATE……………………………10

**CONCLUSION**………………………………………………………………………………**10**

i

# TABLE OF AUTHORITIES

## CASES

*Bernard v. United States*, 25 F.3d 98 (2d Cir. 1994)……………………………………………………..4

*Fabrikant v. French,* 691 F.3d 193, 214 (2d Cir.2012) (quoting *Panetta,* 460 F.3d at 395)……...8

*In re Optimal U.S. Litigation*, 813 F.Supp.2d 383 (2011)…………………………………………...1

*Jenkins v. City of New York*, 478 F.3d 76, 90 ( 2d Cir. 2007)……………………………………….8

*Munafo v. Metro Transp. Auth.,* 381 F.3d 99, 105 (2d Cir. 2004)………………………………….1

*Stansbury v. Wertman,* 721 F.3d 84 (2d Cir 2013)(quoting *Al–Adahi v. Obama,* 613 F.3d 1102, 1105 (D.C.Cir.2010)…………………………………………………………………………………..8

## STATUTES

Local Rule 6.3………………………………………………………………………………...1,5

Federal Rules of Civil Procedure 59(e)……………………………………………………...1

Plaintiff Garfield Anthony Williams respectfully submits the Memorandum of Law in support of Plaintiff's motion to reconsider and vacate this Court's March 01, 2023 decision granting defendant motion for summary judgment on the federal claims and denying Plaintiff's motions for sanctions.

## PRELIMINARY STATEMENT

Reconsideration of the Court's granting of summary judgment on the claims for false arrest and failure to intervene  is appropriate here because the decision was based, in part, on factual errors.  Specifically, (1)  police officer Ottaviano was never informed by a driver that Plaintiff was "intoxicated;" (2) police officer Hernandez was told by a fellow officer that Plaintiff "seemed" intoxicated, not that he actually was;  and (3) given these updated facts, and utilizing a totality of the circumstances analysis that weighs both inculpatory and exculpatory evidence, it was not reasonable as a matter of law for officer Hernandez to rely on an uncertain statement once confronted with the overwhelming indicia of sobriety.

Plaintiff brings this motion for reconsideration pursuant to Local Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure.  Local Civil Rule 6.3 provides that a party may submit a motion for reconsideration "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Ci. R. 63.  Reconsideration is generally appropriate only where the movant "demonstrate[s] that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which had they been considered might reasonably have altered the result reached by the court. *In re Optimal U.S. Litigation*, 813 F.Supp.2d 383 (2011).  Reconsideration is also appropriate "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d. Cir.2004)

## ARGUMENT

**I.     Police Officer Ottaviano Was Never Informed By The Other Driver That Plaintiff Was Intoxicated.**

This Court, in its decision, said that it was "undisputed that Hernandez and Ottaviano were informed by a member of the ESU and another driver involved in the accident that Plaintiff was intoxicated." ECF No. 105, Opinion and Order – III.A.1

However, neither Plaintiff nor Defendants ever stated that officer Ottaviano was informed he was intoxicated.   Defendants in their Rule 56 statements statement state that officer Ottaviano was told that Plaintiff was "messed up" or "fucked up."  ECF No. 97 Rule 56.1 Statement at ¶19.

This statement refers to the injuries plaintiff sustained in the accident, not to allege that the driver observed indicia of intoxication.  To provide context to the statement, and for the court to review the exact statement that officer Ottaviano was told, it is beneficial to say the statement in its entirety:

> "I was driving in the middle lane and just out of nowhere, he ran into the back of me, he spun out, hit the wall, and then they came and moved it over to this side. He was stumbling, we have a video- he was all fucked up when he got out of the car. He was actually pinned at first." ECF No 97 Rule 56.1 Statement at ¶ 2.[1]

Here, despite given the opportunity, the driver does not mention intoxication in the three sentences that he tells the officer.  In fact, he goes out of his way to connect that he was "fucked up," to the serious nature of the accident, telling the officer that he was "pinned at first."

Regardless of any personal interpretation of the statement, at this stage the court is obligated to view the evidence in the light most favorable to the non-moving party.

---

[1] This transcription was presented to the Court in Plaintiff's Rule 56.1 statement.

Therefore, for the purposes of summary judgment, the Court must view the statement as referring the severity of the accident not as indicia of intoxication.[2]

Accordingly, this Court cannot, in determining the information that was known to the officers at the time of the arrest, credit the statement from the driver as informing the officers that plaintiff was intoxicated.  In order to reach this interpretation, the Court would be looking at the evidence in the light most favorable to the **defendant**, not Plaintiff, in violation of precedent.

A.   *The Statement Was Made Post-Arrest And, Even Using The Fellow Officer Rule, Cannot Be Used As A Basis For The Initial Arrest*

In the Court's decision, the Court failed to separate information that was known prior to the arrest with information that was known **after** the arrest.  In this instance, the conversation with the driver took place after Mr. Williams had been arrested, not before or contemporaneously.  Therefore, regardless of the interpretation of the statement, the Court cannot utilize the statement in analyzing what was known to the officer at the time of arrest.

## II.   Police Officer Hernandez Was Never Informed That Plaintiff WAS intoxicated, but Rather That He "Seemed" Intoxicated

As mentioned, *supra A.I*, the Court found that officer Hernandez was informed that Plaintiff **was** intoxicated.  Defendants in their Rule 56 statement state that officer Hernandez was informed, in a conversation with another officer, that  Plaintiff "**seemed** to be impaired."  This distinction is significant, because the common understanding of the

---

[2] It should also be noted that officer Ottaviano did have the opportunity to resolve any potential ambiguities in the statement – by asking follow-up questions or simply a pointed and direct requestion regarding intoxication.

word "seemed" demonstrates that the declarant is uncertain or unsure about the fact to which they are speaking.[3]

In defining the word "seem," the Oxford Advanced American Dictionary states as one of its definitions, that "seem" is "used to suggest that something is true when you are not certain or when you want to be polite."[4] It also states that seem is "used to make what you say about your thoughts, feelings or actions less strong."

Here, looking at the evidence in the light most favorable to the non-moving party, when officer Hernandez is informed that Plaintiff "seemed" impaired, the statement was made because the officer was uncertain. Therefore, the Court cannot interpret the statement as an officer definitively stating that Plaintiff was intoxicated.

### III.   Officer Hernandez Allegedly Relying On An Uncertain Statement From An Unidentified Officer For Probable Cause Cannot Be Considered Reasonable As A Matter of Law

This Court, in evaluating whether there was probable cause for arrest, found that *Bernard v. United States* was instructive. In that case, though a federal agent arrested the wrong person or made a "mistake," the 2d Circuit found that the arresting agent had probable cause when he reasonably and in good faith relied on another agent and a confidential informant's observations. See, *Bernard v. United States*, 25 F.3d 98 (2d Cir. 1994).

This argument is substantially different from the one raised by Defendants in their motion for summary judgment. Defendants argued that "plaintiff's false arrest claim fails because there was probable cause for [plaintiff's] arrest based on the personal observations

---

[3] The subsequent definition is solely provided to show how a reasonable and rational officer would interpret the statement
[4] https://www.oxfordlearnersdictionaries.com/us/definition/american_english/seem

made by the officers." ECF No. 101: Defendant Reply Memorandum of Law: Point II. This argument was seemingly rejected by this Court as this Court found that "Defendants here had probable cause to arrest. . .even assuming (as required at summary judgment) that Plaintiff displayed no signs of intoxication." ECF No. 105: Decision & Order. Even Defendant's use of the fellow officer rule differs from this Court, as defendants argued that information given to the central dispatcher and not relayed to the arresting officers should be part of the probable cause analysis.[5] The court found this the sprint report was "irrelevant to the probable cause analysis." *Id.* At III.D.

Consequently, in this motion to reconsider Plaintiff is not raising "new arguments that could have been previously advanced," but is addressing these arguments for the first time. Therefore, the general rule under Local Rule 6.3 that arguments should be "narrowly construed and strictly applied," should not apply to this section of the motion.[6]

A. *How Reliability Was Assessed In Bernard*

In *Bernard v. US*, a federal agent relied on information from other federal agents and a confidential informant to establish probable cause for the arrest. The confidential informant had been a registered informant with the DEA for approximately 16 years at the time of the arrest.[7] *Bernard* at 100. This informant participated in this specific operation for approximately four months prior to the arrest.[8] *Id.*at 101. A buy and bust operation was set up, where the confidential informant and multiple federal agents would observe and participate in an illicit drug deal. *Id.* at 100.

---

[5] See, Def. Mem Of Law In Support of Def. Mtn. For Summary Judgment, Point I at ¶ 3.
[6] For the proposition that motions made pursuant to Local Rule 6.3 should be narrowly construed and strictly applied, see generally, *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted).
[7] The confidential informant had been registered as an agent since 1975 and the alleged crime took place in 1991.
[8] The investigation started in July of 1991 and the arrest occurred in October of 1991.

At the meeting, the confidential informant was observed by an unidentified agent, identified as "Agent #1", and two other identified agents in a separate location. *Id.* at 101. When the meeting took place between the informant and the contact, Agent #1 relayed identification information to Agent Clifford, one of the identified agents. *Id.* After the contact left the meeting, Agent Clifford was able to identify the contact based upon the description provided by Agent #1. *Id.* After the buy, the confidential informant confirmed the identity of the contact. Based upon the information gleaned from the confidential informant and the description provided by Agent #1, Agent Clifford placed the contact under arrest. Later, the CI and the cooperating witness identified the arrestee in a lineup.

In assessing whether there was probable cause for the arrest, the court credited Agent Clifford's declaration, who stated that he knew Agent #1 had a clear view of the meeting between the buyers and the contact. *Id.* at 103. Agent Clifford also said that the description had been conveyed to him by Agent #1. Moreover, Agent Clifford knew that the confidential informant was a reliable informant with a proven track record. Finally, Agent Clifford confirmed that the identification was also based upon his own earlier observations of the contact. Utilizing a totality of the circumstances analysis, the court found that there was probable cause even if the information was mistaken, because the arresting officer acted reasonably and in good faith in relying on that information. *Id.* at 102.

B. *Distinguishing The Analysis of Reasonable Reliance In Bernard Against The Instant Case*

In this case, officer Hernandez arrives in response to a radio run for a car accident. When he arrives on the scene, an unidentified officer informs officer Hernandez that an individual in the back seat of a car "seems" to be impaired. Officer Hernandez does not

6

know the name of the officer, does not know this officer's reasons for making the statement, nor does he know what this officer was able to observe.  After officer Hernandez heard this statement, he then saw Plaintiff and observed no signs of intoxication.[9]

There are clear distinctions between the information Agent Clifford and officer Hernandez relied upon.  Agent Clifford was observing a drug sale at the conclusion of a four-month investigation.  Prior to the arrest, he received information from multiple known and trusted sources, including a fellow agent and a trusted informant.  In addition, the information that he received from his fellow agents and from the informant was consistent with his own personal observations at the scene.  In contrast, officer Hernandez does not know the name of the officer, does not know why he thought Plaintiff may be impaired, does not know what the officer observed, and did not even receive a definitive statement detailing a crime was committed.[10]

Another significant difference is, once confronted with Plaintiff's signs of sobriety, no reasonable officer would credit the statement officer Hernandez received from the unknown officer.  In other words, once officer Hernandez observed that there was no odor of alcohol, there was no bloodshot watery, eyes, there was no slurred speech, and he was not stumbling, no reasonable officer could then think that Plaintiff was impaired.  In *Bernard*, with the arrest involving a buy and bust where the drugs were received by the informant, there is no observation by Agent Clifford that would affect the reasonableness of the arrest.

---

[9] This portion of analysis is based upon looking at the evidence in the light most favorable to the non-moving party.

Therefore, based upon the standard for "reliability" set in *Bernard*, the conduct of Hernandez falls far below the conduct of Agent Clifford and cannot be considered reasonable as a matter of law.

### C. The Court's Decision Renders An Arresting Officer's Observations Irrelevant During An Arrest For DWI

The Court, in assessing whether there was probable cause for the arrest, said that "Plaintiff's evidence regarding his sobriety and lack of physical signs of intoxication would, if credited, tend to show that the information Hernandez received was inaccurate, which does not discredit the fact that he had probable cause." ECF No. 105: Decision & Order.

However, this bright line approach is inconsistent with a totality of the circumstances analysis. "The totality of the circumstances test is no mere formality; it may frequently alter the outcome of a case. Those who do not take into account conditional probability are prone to making mistakes in judging evidence. They may think that if a particular fact does not itself prove the ultimate proposition (e.g., whether the [officer had probable cause]), the fact may be tossed aside and the next fact may be evaluated as if the first did not exist." *Stansbury v. Wertman*, 721 F.3d 84 (2d Cir 2013)(quoting *Al–Adahi v. Obama*, 613 F.3d 1102, 1105 (D.C.Cir.2010)."The significance of each [relevant] factor[ ] may be enhanced or diminished by surrounding circumstances." *Jenkins v. City of New York*, 478 F.3d 76, 90 ( 2d Cir. 2007).

"Review for probable cause should encompass "plainly exculpatory evidence" alongside inculpatory evidence to ensure the court has a full sense of the evidence that led the officer to believe that there was probable cause to make an arrest. *Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir.2012) (quoting *Panetta*, 460 F.3d at 395).

8

Here, the Court must look at the exculpatory evidence that officer Hernandez was presented with along with the statement that plaintiff "seemed" intoxicated.  A full analysis would contrast the statement that plaintiff "seemed" impaired, with no odor of alcohol, no bloodshot watery eyes, no slurred speech, no stumbling, and no statement indicated that he had drank alcohol. In addition, there were no coordination tests done and plaintiff was ruled not clinically intoxicated by a medical professional.  The amount of exculpatory evidence so substantially outweighs any inculpatory evidence that no reasonable officer could conclude that plaintiff was intoxicated.

### IV.   The Failure To Intervene Claim Must Be Reinstated If It Is Determined That There Was Not Probable Cause For Arrest

Once it has been established that there were genuine issues of material fact as to whether there was probable cause for arrest, then the failure to intervene claim must survive as well.  Looking at the evidence in the light most favorable to plaintiff, officer Ottaviano was able to observe that plaintiff's sobriety and did not attempt to prevent or stop the illegal detention.

### V.   Though The Sprint Report and Medical Treatment Report May Be Irrelevant To The Probable Cause Determination, Sanctions Are Still Appropriate

First, an adverse inference is appropriate for the medical treatment report.  At trial, defendants would be able to testify to their observations and indicia of intoxication.  The medical treatment report would have information regarding Plaintiff's sobriety and reason for treatment.  Therefore, it could have been used to rebut the assertions by defendants. Plaintiff is prejudiced by not having this document and an adverse inference to the jury is appropriate.

9

Second, sanctions are still appropriate for the belated disclosure of the sprint report. While irrelevant to the probable cause determination, Plaintiff was deprived of the opportunity to question the officers regarding its content – as well as utilize the document for other discovery requests.  Appropriate sanctions would include preclusion, as well as monetary sanctions for the belated disclosure.

<strong>CONCLUSION</strong>

For the foregoing reasons stated above, Plaintiff requests that this Court vacates and the judgment, deny defendant's motion for summary judgment, grant plaintiff's application for sanctions, and for any other relief the court deems just and proper.

Dated:       New York, New York
             March 14, 2023



By:          /s/

        Masai I. Lord

     14 Wall Street, Suite 1603
     New York, New York 10005
     Phone: 718-701-1002
     Fax: 718-701-1002