UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
GARFIELD ANTHONY WILLIAMS,                                  :
                                    Plaintiff,              :
                                                            :           20 Civ. 5995 (LGS)
            -against-                                       :
                                                            :           **ORDER**
CITY OF NEW YORK, et al.                                    :
                                    Defendants.             :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, in this case, Defendants moved for summary judgment and Plaintiff moved for sanctions relating to two pieces of evidence. An Opinion and Order (the "Opinion") issued March 1, 2023, granted Defendants' motion and denied Plaintiff's motion. The Opinion held that Defendants Oscar Hernandez and Joseph Ottaviano had probable cause to arrest Plaintiff for driving under the influence. On March 14, 2023, Plaintiff moved for reconsideration of the Opinion pursuant to Fed. R. Civ. P. 59(e) and S.D.N.Y. Local Rule 6.3.

    WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted).

    WHEREAS, Plaintiff argues that the information provided by another driver to Ottaviano was given to Ottaviano after Plaintiff's arrest. Although Ottaviano provided conflicting testimony at his deposition regarding the timing of this conversation, body camera footage

submitted in connection with the motions confirms that Ottaviano's conversation with the other driver occurred after Plaintiff's arrest.  Consequently, this evidence is irrelevant to the issue of probable cause at the time of arrest.  *See Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) ("A court must consider only those facts available to the officer at the time of the arrest and immediately before it." (cleaned up)).  It is hereby

    **ORDERED** that Plaintiff's motion for reconsideration is **GRANTED**.  The Court will issue an amended opinion that does not rely on the other driver's statement to Ottaviano to assess probable cause.

    The Clerk of Court is respectfully directed to close the motion at Dkt. No. 107.

Dated: March 17, 2023
      New York, New York

                                          LORNA G. SCHOFIELD
                                     UNITED STATES DISTRICT JUDGE