UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
GARFIELD ANTHONY WILLIAMS,                                  :
                                      Plaintiff,            :
                                                            :          20 Civ. 5995 (LGS)
               -against-                                    :
                                                            :          **OPINION AND ORDER**
CITY OF NEW YORK, et al.                                    :
                                      Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Garfield Anthony Williams brings this action for false arrest, failure to intervene

and state constitutional violations against the City of New York (the "City") and Oscar

Hernandez, Joseph Ottaviano and Ruben Leon (the "Individual Defendants"), who are employed

by the New York City Police Department ("NYPD").  Hernandez and Ottaviano arrested

Plaintiff for driving under the influence of alcohol or drugs following an accident on the Bronx

River Parkway.  Defendants move for summary judgment on all claims.  Plaintiff moves for

sanctions relating to two pieces of evidence.  For the reasons below, Defendants' motion is

granted in part and denied in part, and Plaintiff's motion for sanctions is denied.

I.      **BACKGROUND**

        The following facts are drawn from the parties' Rule 56.1 statements and other

submissions on this motion and are undisputed except as noted.  The evidence is construed in the

light most favorable to Plaintiff as the non-moving party, and all reasonable inferences are

drawn in his favor.  *See Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62

F.4th 748, 752 (2d Cir. 2023).

        On December 14, 2019, Plaintiff ended his shift at the Westchester Medical Center

around 11:00 P.M.  Around 12:08 A.M. on December 15, Plaintiff was involved in an

automobile accident on the Bronx River Parkway.  The parties disagree about the cause of the

accident, and Plaintiff offers evidence that his vehicle was hit from behind, which caused him to

hit another vehicle.

Members of NYPD's Emergency Service Unit ("ESU"), including Defendant Detective

Ruben Leon, encountered the accident while returning from another assignment.  Upon arriving,

Leon observed three cars.  One of the vehicles had two occupants, a woman sitting in the

driver's seat and Plaintiff.  Leon spoke with the woman, who stated that she was not involved in

the accident, but Plaintiff was.  Leon requested assistance, then remained at the site of the

accident until Defendant Officers Oscar Hernandez and Joseph Ottaviano arrived on the scene.

Construing the evidence in favor of Plaintiff, Plaintiff did not speak with the officers

before they arrested him, and he did not display any signs of intoxication.  This evidence is

disputed.  Defendants offer evidence that when Hernandez arrived, a member of the ESU

informed him that one of the drivers involved in the accident appeared to be intoxicated.

Defendants also offer evidence that Hernandez and Ottaviano each concluded that Plaintiff was

intoxicated based on their personal observations of the smell of alcohol on Plaintiff and his

bloodshot and watery eyes.

Plaintiff was arrested for suspicion of driving under the influence.  Following his arrest,

Plaintiff was transported to Jacobi Hospital.  At the hospital, Plaintiff refused through his

attorney to submit to a blood test for alcohol.  Plaintiff did not sustain physical injuries as a

result of the arrest.

Plaintiff was released from the hospital and held until the following evening by the

NYPD.  Plaintiff's criminal charges were dismissed before he was arraigned because the driver

of the other car involved in the accident did not cooperate with the investigation.  Construing the

evidence in favor of Plaintiff, Plaintiff did not receive a voucher with instructions to reclaim his vehicle when he was released from the precinct. On approximately February 2, 2020, Plaintiff received a letter from the NYPD with instructions on how to obtain his property. Plaintiff eventually reclaimed the license plates for his vehicle but was unable to recover his vehicle.

## II.    STANDARD

Summary judgment is proper where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 248 (2d Cir. 2021). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *accord Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 148 (2d Cir. 2017).

Courts must construe the evidence and draw all reasonable inferences in the non-moving party's favor. *Electra*, 987 F.3d at 248. When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing to particular parts of materials in the record. Fed. R. Civ. P. 56(c)(1)(A). In adjudicating a motion for summary judgment, the Court "must disregard all evidence favorable to [Defendants] that the jury is not required to believe," that is, "give credence to the evidence favoring [Plaintiff] as well as that evidence supporting [Defendants] that is uncontradicted and unimpeached . . . ." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 46 (2d Cir. 2019) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000)).

## III.   DISCUSSION

### A.   False Arrest (First Claim)

The first claim in the First Amended Complaint ("FAC") alleges false arrest against the Individual Defendants under federal and state law.  Summary judgment is denied to Defendants Hernandez and Ottaviano because the disputed facts, if resolved in favor of Plaintiff, do not establish probable cause to arrest Plaintiff.  Summary judgment is granted to Leon on the false arrest claim because it is undisputed that he was not present at Plaintiff's arrest.

Probable cause provides a complete defense to a false arrest claim, whether it is brought under federal or New York law.  *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) ("The existence of probable cause . . . is a complete defense to an action for false arrest, whether that action is brought under [New York] state law or under § 1983.")[1]; *accord Aberra v. City of New York*, No. 21 Civ. 1992, 2023 WL 221096, at *2 (2d Cir. Jan. 18, 2023) (summary order).  Probable cause exists when police officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021).  Defendants argue that probable cause existed at the moment of Plaintiff's arrest based on (1) the fact that multiple vehicles, including Plaintiff's, were damaged in an accident; (2) Plaintiff's exhibited signs of inebriation, including the smell of alcohol, slurred speech and his bloodshot and watery eyes; (3) another driver involved in the accident telling Ottaviano that Plaintiff was stumbling and "fucked up";

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

(4) a 911 caller stating Plaintiff was intoxicated and (5) a member of the ESU telling Hernandez that Plaintiff may be intoxicated.

First, it is undisputed that multiple vehicles were damaged.  But that fact is not sufficiently probative of the fact that Plaintiff was intoxicated while driving.  Plaintiff asserts that his car was hit from behind, which caused him to crash into the rear of the vehicle in front of him.

Second, as to Hernandez and Ottaviano's observations of Plaintiff's physical condition, Plaintiff offers contrary evidence that he was not intoxicated and did not show signs of intoxication, including his own testimony and an affidavit from Celia Burgos.[2]  For the purpose of this motion, the evidence is construed to support Plaintiff's assertion that he displayed no signs of intoxication at the time of his arrest.  *See Davis-Garett*, 921 F.3d at 45 ("In ruling on such a motion, the district court is required to resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.").

Third, the other driver's statement about Plaintiff's physical condition was made after Plaintiff's arrest.  The statement has little probative value on the issue of whether the arresting officers had probable cause at the time of the arrest.  *See Gonzalez*, 728 F.3d at 155 ("The [probable cause] inquiry is limited to whether the facts *known by the arresting officer at the time of the arrest* objectively provided probable cause to arrest." (emphasis added)).

---

[2] The Burgos affidavit may be considered in adjudicating the motion because it is sworn testimony based on first-hand knowledge of Plaintiff's condition on the night in question. Defendants' argument that Ms. Burgos' affidavit must be stricken as untimely fails because Ms. Burgos was disclosed as a witness while fact discovery was open.  Although Ms. Burgos was not included in Plaintiff's initial responses, any improper delay in disclosure can be remedied by re-opening of discovery to permit her deposition.  Defendants may depose Ms. Burgos prior to trial for a period not to exceed three hours.

The 911 caller's statement similarly has little probative[3] value because Defendants have not shown that either Hernandez or Ottaviano was aware of the statement when they arrested Plaintiff. The "fellow officer" doctrine, which allows the knowledge of one law enforcement officer to be imputed to another for the purposes of probable cause, does not apply to civilian 911 operators. *United States v. Colon*, 250 F.3d 130, 134-35 (2d Cir. 2001) (analyzing whether "[a] civilian 911 operator's knowledge may be imputed to the dispatching or arresting officers in the absence of any evidence that the 911 operator made any assessment of reasonable suspicion or was trained to do so" and "hold[ing] that this information cannot be imputed to [] law enforcement officers"); *accord United States v. Patterson*, 25 F.4th 123, 129 n.3, 137 (2d Cir. 2022).

Finally, it is undisputed that Hernandez and Ottaviano were informed by a member of the ESU that Plaintiff was intoxicated prior to his arrest, but this alone is insufficient to support probable cause, particularly if Plaintiff's evidence is credited that he showed no signs of intoxication. For example, in *Gatling v. West*, 850 F. App'x 91 (2d. Cir. 2021) (summary order), the Second Circuit reversed a grant of summary judgment on false arrest and malicious prosecution claims arising out of an arrest for driving under the influence. *Id.* at 94. After a 911 caller reported a car driving erratically, a state trooper followed a car matching the 911 caller's description, initiated a traffic stop and, based on his observations of the driver's condition, arrested her for driving under the influence. *Id.* at 92-93. Issues of fact precluded summary

---

[3] Information that was unknown to the arresting officers at the time of the arrest nevertheless may be probative of the credibility of witnesses on the issue of whether Plaintiff displayed, and Hernandez and Ottaviano observed, signs that Plaintiff was inebriated. The probative value depends on the nature and reliability of the particular evidence. Its admissibility also depends on weighing countervailing factors such as confusion and prejudice and the hearsay rules. *See* Fed. R. Evid. 403 (prejudice, confusion); Fed. R. Evid. 801-803 (hearsay).

judgment because the plaintiff offered evidence of her sobriety, including that she successfully completed field sobriety tests and lacked any physical signs of intoxication. *Id.* at 93. Based on this evidence, the court held that "a rational jury could find that [the defendant] fabricated [the plaintiff's] negative test results or, at a minimum, any belief that [the plaintiff] failed was not reasonable." *Id.* at 94.

In determining whether probable cause to arrest exists, police officers are "entitled to rely on the allegations of fellow police officers." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000); *accord Best v. Merchant*, No. 21 Civ. 779, 2022 WL 17551935, at *8 (S.D.N.Y. Dec. 9, 2022). However, such reliance must be reasonable. *See Loria v. Gorman*, 306 F.3d 1271, 1292 (2d Cir. 2002) ("An officer may arrest an individual based on a report by another officer only if reliance on that report is objectively reasonable."). In this case, Defendant Hernandez offers only testimony that an unnamed ESU officer informed Hernandez that Plaintiff seemed "impaired" or "intox[icate]d." That ESU officer did not say whether he personally observed Plaintiff's condition or was relying on the report of some other person, and did not explain how Plaintiff appeared to be intoxicated, and did not say that he smelled alcohol. A reasonable jury could credit Plaintiff's evidence that he was sober and displayed no signs of intoxication and that Hernandez and Ottaviano fabricated their statements about, or at least misinterpreted, Plaintiff's demeanor. On these facts, Hernandez and Ottaviano's reliance on the statement of another ESU officer as the sole basis for arrest would be unreasonable and insufficient to support probable cause to believe that Plaintiff had committed a crime. Summary judgment is denied as to Hernandez and Ottaviano on the false arrest claim.

In contrast, summary judgment is granted to Leon on the false arrest claim. It is undisputed that Defendant Leon was no longer present at the scene at the time of Plaintiff's

arrest.  On the record presented at summary judgment, no reasonable jury could find Leon liable for Plaintiff's arrest.

###### B.      Failure to Intervene (Second Claim)

The FAC alleges a federal constitutional claim that Defendants Ottaviano and Leon failed to intervene in Plaintiff's false arrest.  The claim is not asserted against Defendant Hernandez. The facts are undisputed that Hernandez was the designated "arresting officer" for administrative purposes, that Ottaviano participated in the arrest and that Leon was not present.  Summary judgment is denied to Ottaviano because a reasonable jury could find that he failed to intervene in Plaintiff's false arrest.  Summary judgment is granted to Leon on consent, as Plaintiff withdrew this claim against Leon in his opposition.

"To succeed on a failure-to-intervene claim in connection with a false arrest, the plaintiff is required to show that (1) the officer had reason to know that a citizen was being unjustifiably arrested, and (2) the officer had a realistic opportunity to intervene to prevent the arrest from occurring."  *Theodat v. City of New York*, 818 F. App'x 79, 82 (2d Cir. 2020) (summary order). As discussed, Plaintiff has offered sufficient evidence for a jury to conclude that he was being arrested without probable cause.  Plaintiff also has provided sufficient evidence that Ottaviano could have interceded in Plaintiff's arrest, as he was physically present for the arrest.  *See Ekukpe v. Santiago*, 823 F. App'x 25, 32 (2d Cir. 2020) (summary order) (affirming denial of judgment as a matter of law on failure to intervene claim based in part on the "very close proximity" of the defendant to the arrestee).

Defendants argue that Ottaviano cannot be liable on this claim because Plaintiff also asserts that Ottaviano is directly liable for Plaintiff's false arrest.  However, Plaintiff may assert both claims in the alternative against Ottaviano, for false arrest and failure to intervene.  *See* Fed.

R. Civ. P. 8(d)(2)-(3); *see, e.g.*, *Polanco v. City of New York*, 2018 WL 1804702, at *9-10 (S.D.N.Y. Mar. 28, 2018) (denying summary judgment on a failure to intervene claim, due to ability to plead in the alternative); *Jackson v. City of New York*, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013) (denying summary judgment on failure to intervene claim and on direct liability claim); *Buchy v. City of White Plains*, No. 14 Civ. 1806, 2015 WL 8207492, at *3 (S.D.N.Y. Dec. 7, 2015) (denying summary judgment on failure to intervene claim, as an alternative to the plaintiff's excessive force claim); *Cumberbatch v. Port Auth. of N.Y. & N.J.*, 2006 WL 3543670, at *11 (S.D.N.Y. Dec. 5, 2006) ("The Court will thus construe the[] [failure to intervene] claims as pleading in the alternative, . . . i.e., the Officers either used excessive force, or one or both of them failed to intervene while another officer used excessive force.").

Accordingly, summary judgment is granted as to Leon and denied as to Ottaviano on the FAC's second claim.

### C.   Qualified Immunity

In the alternative, Defendants argue Hernandez and Ottaviano are entitled to qualified immunity for any liability stemming from Plaintiff's arrest.  As a threshold matter, this defense is pleaded in Defendants' answer only with respect to Hernandez, and not Ottaviano.  On this basis alone, Ottaviano may not be entitled to qualified immunity.  *See Blissett v. Coughlin*, 66 F.3d 531, 539 (2d Cir. 1995) ("The defendant bears the burden of pleading and proving the affirmative defense of qualified immunity."); *McCardle v. Haddad*, 131 F.3d 43, 50 (2d Cir. 1997) ("Qualified immunity . . . is an affirmative defense that must be asserted in the official defendant's answer and proven by the defendant.").  *But see Stephenson v. Doe*, 332 F.3d 68, 76 (2d Cir. 2003) (finding that qualified immunity was not waived because, although it was not pleaded in the defendants' answer, other pretrial submissions asserted the defense).  Even if

properly pleaded, Hernandez and Ottaviano are not entitled to summary judgment on qualified immunity.

"Even where actual probable cause does not exist, police officers may be entitled to qualified immunity from a § 1983 false arrest claim if their actions did not violate clearly established rights or if arguable probable cause existed at the time of the arrest." *Guan v. City of New York*, 37 F.4th 797, 806 (2d Cir. 2022). "A police officer has arguable probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* at 806. "[A]n arresting officer is entitled to qualified immunity as a matter of law if the *undisputed facts* and all permissible inferences favorable to the plaintiff show that officers of reasonable competence could disagree on whether the probable cause test was met." *McClellan v. Smith*, 439 F.3d 137, 147-48 (2d Cir. 2006); *accord Richardson v. City of New York*, No. 17 Civ. 8622, 2020 WL 5754989, at *10 (S.D.N.Y. Aug. 24, 2020), *report and recommendation adopted*, 2020 WL 5801476 (S.D.N.Y. Sept. 29, 2020).

As with the lack of probable cause, *Gatling*'s reasoning is persuasive as to the lack of arguable probable cause. In *Gatling*, summary judgment on the issue of qualified immunity was denied because the evidence, interpreted in the light most favorable to the plaintiff, indicated that she had passed all field sobriety tests and did not smell of alcohol or marijuana. 850 F. App'x at 96. Therefore, the remaining weak evidence of her intoxication -- that she did not leave sufficient room in between her car and the car in front of her on the highway and that she had constricted pupils -- was "undermined by all of the other objective facts demonstrating no driver impairment." *Id.* On these facts, "no officer of reasonable competence would conclude that probable cause to arrest the driver for driving while impaired" existed. *Id.* In this case, the

evidence interpreted in the light most favorable to Plaintiff shows that he demonstrated no signs of intoxication.  This could override the remaining evidence of his impairment, namely, the uncorroborated statement from an unnamed ESU officer and the fact of the accident.  Because of the factual dispute as to whether Plaintiff displayed, and Hernandez and Ottaviano observed, any signs of intoxication, Defendants are not entitled to summary judgment on the basis of qualified immunity.

###   D.      New York Constitutional Violations (Third Claim)

The FAC's third claim alleges violations of the New York State Constitution against all Defendants, specifically Plaintiff's right to due process and the right to be free from unreasonable searches and seizures.

Plaintiff's opposition to this motion suggests that the due process claim is based on the alleged failure to return Plaintiff's car.  This claim fails because it is not adequately pleaded in the FAC, which makes no mention of Plaintiff's vehicle being taken.  "[A] party is not entitled to amend its complaint through statements made in motion papers." *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 56 (2d Cir. 2018); *accord Yelle v. Mount Saint Mary Coll.*, No. 21 Civ. 480, 2022 WL 1715979, at *2 (2d Cir. May 27, 2022) (summary order) ("[The plaintiff] made no attempt below to seek leave to amend his complaint, and he could not simply amend his complaint through his opposition to the [defendant's] motion for summary judgment.").[4]  Summary judgment is granted to all Defendants to the extent the third claim alleges a violation of Plaintiff's right to due process.

---

[4] Similarly, in his memorandum of law in opposition to the motion for summary judgment, Plaintiff argues that "Defendants completely fail to address Plaintiff's right to counsel claim." This claim is not considered because it does not appear in the FAC.

11

Summary judgment is granted in part and denied in part with respect to the search and seizure claim under the New York constitution.  With respect to the Individual Defendants, summary judgment is granted because there is no private right of action under the New York constitution where the plaintiff has adequate remedies under common law or § 1983.  *Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016) (summary order).  Consequently, there is no private right of action for false arrest under the New York constitution.  "Courts have consistently held that where a plaintiff has asserted a viable Fourth Amendment claim under Section 1983 any violation of the plaintiff's right to be free of unreasonable searches and seizures can be vindicated through this claim."  *Sullivan v. City of New York*, No. 17 Civ. 3779, 2018 WL 3368706, at *20 (S.D.N.Y. July 10, 2018) (dismissing false arrest claim based on New York constitution where claim mirrored his § 1983 claim); *Espinoza v. City of New York*, 194 F. Supp. 3d 203, 208 (E.D.N.Y. 2016) (same).  With respect to the City, summary judgment is denied because the City cannot be found vicariously liable for Hernandez and Ottaviano's actions under § 1983.  *See, e.g.*, *Singletary v. Allen*, 588 F. Supp. 3d 359, 368 (W.D.N.Y. 2022) (allowing state constitutional claim against the City); *Espinoza*, 194 F. Supp. 3d at 208 (same).

In sum, summary judgment is granted to the Individual Defendants on the third claim, is granted to the City on any state constitutional due process claim, and is denied to the City for respondeat superior liability on the third claim to the extent Hernandez or Ottaviano is found to have violated Plaintiff's right under the New York constitution to be free from unreasonable searches and seizures.

### E.    Sanctions

Plaintiff's motion for sanctions is denied.  Plaintiff seeks (1) to exclude a Sprint report that was produced late in discovery; (2) a jury instruction permitting an adverse inference

regarding a medical treatment report that was not produced and (3) a grant of attorneys' fees for

bringing the sanctions motion.  *See* Fed. R. Civ. P. 37(c)(1) (providing remedies for failure to

disclose or supplement).  "A district court has wide discretion to impose sanctions . . . under

Federal Rule of Civil Procedure 37 . . . ."  *Brennan-Centrella v. Ritz-Craft Corp. of Pa.*, 788 F.

App'x 799, 803 (2d Cir. 2019) (summary order).

### 1.  The Sprint Report

Whether to exclude evidence as a sanction is evaluated according to the following

factors, which are not exhaustive: "(1) the party's explanation for the failure to comply with the

disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the

prejudice suffered by the opposing party as a result of having to prepare to meet the new

testimony; and (4) the possibility of a continuance."  *FIH, LLC v. Found. Cap. Partners LLC*,

920 F.3d 134, 145 (2d Cir. 2019).

Plaintiff's motion to exclude the Sprint report is denied because Defendants timely

produced the report, and Plaintiff has not established prejudice.  The Sprint report, or radio run,

is a standardized document created by the New York City Police Department in connection with

arrests.  In this case, the Sprint report includes a statement from an unknown 911 caller that the

driver in a Nissan (i.e., Plaintiff) was intoxicated at the time of the incident.  Plaintiff argues that

the Sprint report was produced on the final day of fact discovery, depriving Plaintiff of the

opportunity to question Individual Defendants about its contents and their knowledge of it at

their depositions.  However, Defendants sufficiently explained the timing of production.

Although Plaintiff's initial requests for documents included a request for any radio runs, a joint

status letter filed on November 12, 2021, stated that the parties had "no outstanding demands for

paper discovery," and that the only discovery that remained were fact depositions.  The day of

13

Hernandez's deposition, Plaintiff requested the reports that are the subject of his motion for sanctions, and Defendants promptly produced the Sprint Report.  As to prejudice, the 911 caller's statement that Plaintiff was intoxicated has little probative value to the determination of probable cause because Defendants did not proffer evidence that Hernandez or Ottaviano was aware of the statement at the time of Plaintiff's arrest.

### 2.  The Medical Treatment Report

Plaintiff's motion for a permissive adverse inference with respect to the medical treatment report is denied because he has not proven that Defendants had a culpable state of mind with respect to the non-production of the report.  A party seeking an adverse inference based on the failure to produce evidence "must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a culpable state of mind; and (3) that the missing evidence is relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *accord Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 330 F.R.D. 134, 137 (S.D.N.Y. 2019).

The medical treatment report is a report created whenever a person in police custody receives medical care.  As with the Sprint report, Plaintiff requested the medical treatment report in his first set of document requests and renewed this request following Hernandez's deposition. Defendants represent that they searched and could not locate the relevant report.  Plaintiff provides no reason to doubt these representations and therefore has not proven a culpable mental state sufficient to support an adverse inference.  Because Plaintiff's evidentiary motions are denied, his request for attorneys' fees is also denied.

\*  \*  \*

For the reasons given above, Defendants' motion for summary judgment is **GRANTED IN PART, DENIED IN PART,** and Plaintiff's motion for sanctions is **DENIED**.  For clarity, the surviving claims are the false arrest claims under federal and state common law against Hernandez and Ottaviano, the failure to intervene claim against Ottaviano, and the New York constitutional claim for unlawful search and seizure against the City.  Defendants may depose Ms. Burgos prior to trial for a period not to exceed three hours.

The Clerk of Court is respectfully requested to reopen the case administratively.

Dated: December 12, 2023
   New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**